J-S56044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE JUOQUIN RUIZ, | |
| Appellant | No. 1869 MDA 2013 |

Appeal from the PCRA Order October 25, 2013
in the Court of Common Pleas of York County
Criminal Division at Nos.: CP-67-CR-0001095-2008;
CP-67-CR-0007560-2006

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 30, 2014**

In these consolidated cases, Appellant, Jose Juoquin Ruiz, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The relevant facts and procedural history of this appeal are as follows. In case CP-67-CR-0007560-2006, on September 19, 2007, a jury found Appellant guilty of one count each of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, and two counts each of unlawful contact with a minor, indecent assault, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

corruption of minors.[1]  The conviction stemmed from Appellant's sexual abuse of his stepdaughter and her friend when the victims were ten years old.  On June 20, 2008, the trial court sentenced Appellant to a term of not less than sixteen nor more than thirty-two years' incarceration.  Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on September 2, 2009.  (*See Commonwealth v. Ruiz*, 986 A.2d 1264 (Pa. Super. 2009) (unpublished memorandum)).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

In case CP-67-CR-0001095-2008, on July 15, 2009, a jury found Appellant guilty of three counts each of rape of a child, involuntary deviate sexual intercourse with a child, and unlawful contact with a minor.[2]  The conviction arose from Appellant's sexual abuse of three of his daughter's friends while the victims were six and eight years old.  On October 26, 2009, the trial court sentenced Appellant to a term of not less than thirty nor more than sixty years' incarceration.  Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on December 7, 2010.  (*See Commonwealth v. Ruiz*, 23 A.3d 571 (Pa. Super. 2010) (unpublished memorandum)).  Our Supreme Court denied Appellant's petition for

---

[1]  18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 6318(a), 3126(a) and 6301(a)(1), respectively.

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), and 6318(a), respectively.

allowance of appeal on June 7, 2011. (*See Commonwealth v. Ruiz*, 23 A.3d 541 (Pa. 2011)).

On June 13, 2012, Appellant filed his first *pro se* PCRA petition, collaterally attacking his convictions in cases CP-67-CR-0007560-2006 and CP-67-CR-0001095-2008. The PCRA court appointed counsel, who subsequently withdrew from representation pursuant to *Turner/Finley*.[3] On December 10, 2012, the court entered an order denying Appellant's PCRA petition.

On September 13, 2013, Appellant filed the instant *pro se* PCRA petition, again collaterally attacking his convictions in cases CP-67-CR-0007560-2006 and CP-67-CR-0001095-2008. On September 30, 2013, the PCRA court entered an order giving notice of its intention to dismiss the PCRA petition as untimely. *See* Pa.R.Crim.P. 907(1). Appellant did not respond to the Rule 907 notice. Instead, on October 16, 2013, Appellant filed a notice of appeal from the order entered September 30, 2013 and a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On October 25, 2013, the court entered its order dismissing the PCRA petition.[4]

_____

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).

[4] Although Appellant's notice of appeal was premature when filed, we will regard this appeal as timely. *See* Pa.R.A.P. 905(a)(5)("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); *see also Commonwealth v. Swartzfager*, 59 A.3d 616, 618
*(Footnote Continued Next Page)*

- 3 -

The court filed a Rule 1925(a) opinion on January 15, 2014. *See* Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1.  The scope of review[?]

2.  Ineffective [a]ssistance of counsel to [f]ile a researched and properly prepared [a]ppeal on the Appellant['s] behaft [sic], instead of submitting a [g]eneric one to the court[?]

3.  Ineffective [a]ssistance of counsel to [f]ile a challenge and-or objection, violating the Appellant[']s right by the court allowing prosecution to have two (2) said victims testify that are from a case that has not been to trial yet in another matter[?]

4.  Ineffective [a]ssistance of counsel to raise in court and in [a]ppeal, [p]rosecutor express personal opinions about [Appellant] in this case to the jury[?]

5.  Ineffective [a]ssistance of counsel to obtain medical reports and discovery on said victim [R.G.] "case no. 7560-2006" in a pr[ior] [r]ape [c]ase in New York City[?]

6.  Sentencing [j]udge mis-use of the Sentencing Guide line [sic] and giving a defendant not under a [c]apitol [sic] [c]ase a [s]entence of [d]eath by [i]ncarceration[?]

7.  Ineffective [a]ssistance of counsel to [r]etain and have a translator for [Appellant] who is/was unable to speak, read or understand English enough to understand what was being said or going on in all of his [c]ourt [p]roceedings[?]

---

*(Footnote Continued)* ————————

n.3 (Pa. Super. 2012) (accepting premature notice of appeal filed after entry of Rule 907 Notice but before final order dismissing PCRA petition). We have amended the caption to reflect the date the PCRA court entered its final order.

8.    Ineffective [a]ssistance of counsel to object to prosection[']s medical witnesses or to have or request a[n] [e]videntiary [h]earing as toward the [f]inding of their reports[?]

9.    Ineffective [a]ssistance of counsel for not attaining a medical expert for [Appellant] to rebut their medical [d]octor[']s opinions, since their medical doctor[s] were allow[ed] to testify[?]

10.    The Appellant avers that the Commonwealth [f]ailed to present sufficient evidence at trial to sustain guilty verdicts in both trials. 7560-2006, 1095-2008[?]

11.    Ineffective [a]ssistance of couns[el] in trial and [a]ppeals to raise and argue the inconsistent statements by said victims[?]

12.    Motive, [w]hy would these victims say this[?]  Ineffective [a]ssistance of counsel to investigate the [p]ossibility of a [s]econd theory[?]

(Appellant's Brief, at 3-5).

        Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)

(citations and quotation marks omitted).

        Before we may consider the merits of Appellant's claims, we must consider whether this appeal is properly before us.

        A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1).  A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review.  42 Pa.C.S.[A.] §

- 5 -

> 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

Here, in case CP-67-CR-0007560-2006, Appellant's judgment of sentence became final on October 2, 2009, when his time to file a petition for allowance of appeal with our Supreme Court expired. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief in that case, specifically, until October 4, 2010.[5] *See* 42 Pa.C.S.A. § 9545(b)(1). In case CP-67-CR-0001095-2008, Appellant's judgment of sentence became final on September 5, 2011, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief in that case, specifically, until September 5, 2012. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on September 13, 2013, it is untimely on its face in both cases, and

---

[5] The last day of the filing period, October 2, 2010, fell on a Saturday. Therefore, Appellant had until that Monday to file the petition. *See* 1 Pa.C.S.A. § 1908.

the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See id.* at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Our Supreme Court "has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies."

*Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted). Therefore, an appellant must acknowledge that his PCRA petition is untimely, and demonstrate that one or more of the statutory exceptions applies. *See Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004).

Here, Appellant has not acknowledged that his PCRA petition is untimely, nor has he attempted to plead and prove that any of the statutory exceptions to the time-bar apply to this case. (*See* Appellant's Brief, at 6-28). Instead, Appellant's brief consists of a rambling, often incoherent narrative, in which he does not assert the applicability of any of the time-bar exceptions. (*See id.*). His *pro se* PCRA petition is also devoid of reference to a potentially applicable timeliness exception. (*See* PCRA Petition, 9/13/13, at 1-7).

Accordingly, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three limited exceptions to the PCRA's time-bar. *See Jones*, *supra* at 17. The PCRA court properly dismissed Appellant's petition as untimely with no exception to the time-bar pleaded or proven.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014