J-S68038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN ERIC SEMPLE, | : | |
| | : | |
| Appellant | : | No. 835 EDA 2014 |

Appeal from the Order entered on February 28, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No. CP-46-CR-0001766-2005

BEFORE: ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 09, 2014**

Steven Eric Semple ("Semple") appeals, *pro se*, from the Order denying his "Motion for Modification of Sentence *Nunc Pro Tunc* Pa.R.Crim.P. 720" (hereinafter referred to as "Motion for Modification"). We affirm.

The lower court set forth the relevant procedural history underlying this appeal as follows:

> On March 6, 2006, [Semple] entered into a negotiated guilty plea, in which he pled guilty to attempted murder, in exchange for an agreed to sentence of 17 to 34 years [of] imprisonment. [Semple] did not file a direct appeal. On September 14, 2006, [Semple] filed a *pro se* [M]otion entitled, "Motion Challenging the Validity of Guilty Plea." Th[e c]ourt construed this [M]otion as a [P]etition under the PCRA, and appointed counsel to assist [Semple] with his [P]etition. PCRA counsel found no issues of arguable merit to pursue, and accordingly, filed a no-merit letter. An [O]rder was issued in compliance with Pa.R.Crim.P. 907, providing notice of the proposed dismissal. Subsequently on December 27, 2006, a Final Order of Dismissal was issued, denying PCRA relief. No appeal followed.

Over seven years later, on February 27, 2014, [Semple] filed the present *pro se* [M]otion [for Modification] ….  Therein[, Semple] alleges that his 17 to 34 year sentence is "grossly disproportionate" and "unduly harsh and excessive."  In support thereof, [Semple] argues that the sentencing Court did not consider the mitigating factors in this case, namely that he "never actually participated as a perpetrator" and that he is the "least culpable defendant in this case."  On February 28, 2014, the [M]otion was denied as an untimely post-sentence [M]otion.[1]

PCRA Court Opinion, 3/28/14, at 1-2 (footnote added).

Semple timely filed a *pro se* Notice of Appeal from the February 28, 2014 Order, in response to which the PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Semple timely filed a *pro se* Concise Statement.

On appeal, Semple presents the following issues for our review:

1.  Did the [PCRA] court abuse its discretion [by] denying [Semple's] *pro se* Motion for Modification []?

2.  Did the [PCRA] court commit error [by] denying [the] *pro se* Motion for Modification []?

3.  Did the [PCRA] court unreasonably deny and dismiss [the] *pro se* Motion for Modification []?

---

[1] We observe that the lower court correctly noted in its Pa.R.A.P. 1925(a) Opinion that "[Semple's M]otion [for Modification] should have been treated as an untimely second [P]etition for post-conviction relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, rather than an untimely post-sentence [M]otion …."  PCRA Court Opinion, 3/28/14, at 1; **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation and ellipses omitted)); 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief ….").

4. Did the [PCRA] court commit error when it denied [Semple's] *pro se* Motion for Modification [] without [a] hearing and without reviewing the record and applicable law?

5. Did the [PCRA] court deny [Semple] his right to due process of law when it denied/dismissed [the] *pro se* Motion for Modification [] without issuing notice of [the court's] intention to dismiss and providing [Semple an] opportunity to respond?

Brief for Appellant at 3-4.

Initially, the Commonwealth argues that Semple has waived all of his purported claims because his brief is so underdeveloped as to preclude appellate review. **See** Commonwealth's Brief at 5-8. The Commonwealth accurately describes the Argument section of Semple's brief as follows:

[Semple] has presented a brief consisting of two pages of purported argument, in which he lists questions with one-sentence responses alleging error below. He cites one source of authority in his entire [A]rgument section, **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003), but does not explain how it applies to his case, or entitles him to any form of relief. Further, [Semple's] lone citation to authority is completely inconsequential to the instant appeal.

Brief for the Commonwealth at 6-7 (footnotes omitted); **see also** Brief for Appellant at 10-11.[2]

When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the

---

[2] We observe that Semple also filed a Reply Brief in this appeal. While the Reply Brief advances scant Argument, it is somewhat more developed than the Argument section of Semple's original brief. **See** Reply Brief for Appellant at 8-9.

record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted); ***see also Commonwealth v. Lewis***, 63 A.3d 1274, 1278 (Pa. Super. 2013) (stating that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.").

In the instant case, we decline to find waiver, and will briefly address Semple's claims. The only discernible claims in Semple's briefs assert that the PCRA court erred by (1) opining in its Pa.R.A.P. 1925(a) Opinion that Semple's Motion for Modification should have been treated as a PCRA petition, ***see*** Reply Brief for Appellant at 8-9; and (2) failing to give Semple notice of the court's intention to dismiss the Motion for Modification, ***see*** Brief for Appellant at 11.

Initially, we have already determined above that the Motion for Modification should have been deemed an untimely second Petition for relief

under the PCRA.[3]  To the extent that Semple argues that the PCRA court deprived him of due process by failing to give him notice of the court's intention to dismiss his Motion for Modification/second PCRA Petition, pursuant to Pa.R.Crim.P. 907, the PCRA court cogently addressed this claim in its Opinion as follows:

> [I]n accordance with the well-settled rules of law, the proper vehicle to have reviewed [Semple's] *pro se* filing was under the PCRA as an untimely second PCRA [P]etition and not as an untimely post-sentence [M]otion.  However, [Semple] has suffered no prejudice.  The only difference is that if it had been considered under the PCRA, th[e c]ourt would have issued pre-dismissal notice in accordance with Pa.R.Crim.P. 907.  That was not done here, and although [Semple] does raise this issue in his Concise Statement of Errors Complained of on Appeal, it does not warrant a reversal.  [**See Commonwealth v.**] **Taylor**, 65 A.3d [462,] 468 [(Pa. Super. 2013)] ([holding that] even if a notice of intent was not issued and the issue is raised on appeal, it does not automatically warrant reversal where the petition is untimely).  There is simply no prejudice to [Semple] because [his] claims are record[-]based and there are no facts that [he] would be able to plead which would permit him to avail himself of the timeliness exceptions to save his patently untimely PCRA [P]etition.

PCRA Court Opinion, 3/28/14, at 4.  We agree with the PCRA court's rationale, which is supported by the law.

---

[3] We observe that Semple did not plead in the Motion for Modification any of the three exceptions to the PCRA's jurisdictional time limitation.  **See** 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004) (stating that "*it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies.*" (citation omitted, emphasis in original)).

Accordingly, we determine that Semple's claims do not entitle him to relief, and discern no abuse of discretion by the PCRA court in denying Semple's Motion for Modification/second PCRA Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014