717 A.2d 487

COMMONWEALTH of Pennsylvania, Appellee,

v.

Paul David CREWS, Appellant.

Supreme Court of Pennsylvania.

Submitted March 17, 1998.

Decided Aug. 20, 1998.

Scott M. Staller, Bloomfield, for P. Crews.

R. Scott Cramer, Duncannon, Robert A. Graci, Harrisburg, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

This is an appeal from the denial of a petition seeking relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (the "PCRA"), in a capital case.

Appellant, Paul David Crews, was convicted of murdering Geoffrey Hood and Molly LaRue, two hikers he encountered on the Appalachian Trail in Perry County. In addition to the numerous other items of evidence linking Crews to the murders, the Commonwealth presented DNA evidence as part of its case. Following the penalty phase of his trial, Crews was sentenced to death. This Court affirmed the judgment of sentence in *Commonwealth v. Crews*, 536 Pa. 508, 640 A.2d 395 (1994), which set forth a more detailed recitation of the factual history.

On January 13, 1997, Crews filed a PCRA petition, which was subsequently amended on April 14, 1997. The Commonwealth filed an answer to the amended petition and moved to dismiss the same. On July 22, 1997, the trial court dismissed Crews' amended petition without a hearing.

In his request for collateral relief, Crews raises seven issues, several of which are framed in terms of ineffective assistance of trial counsel. To be eligible for relief under the PCRA, Crews must prove by a preponderance of the evidence that his conviction or sentence was the product of one or more of the errors set forth in Section 9543(a)(2), 42 Pa.C.S. § 9543(a)(2). In addition, Crews must establish that the errors alleged have not been previously litigated and that the failure to raise the issues previously was not the result of a rational, strategic or tactical decision. 42 Pa.C.S. § 9543(a)(3),

(a)(4). An issue is previously litigated if "the highest court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). Furthermore, collateral review of claims previously litigated on direct appeal cannot be procured by alleging ineffective assistance of prior counsel and by presenting new theories of relief. *Commonwealth v. Christy*, 540 Pa. 192, 202, 656 A.2d 877, 881 (1995).

Crews' first claim of error is that he was denied the effective assistance of counsel, because trial counsel failed to challenge the constitutionality of the death penalty generally and, in particular, Pennsylvania's death penalty statute, 42 Pa.C.S. § 9711. Crews frames his constitutional challenge in terms of the Eighth Amendment and alleges the following: that the death penalty constitutes cruel and unusual punishment, that under Pennsylvania's death penalty statute the sentencing jury is accorded an inappropriate degree of discretion and, finally, that the death penalty is predominately imposed upon the poor. To prevail on his claim of ineffective assistance of counsel, Crews must demonstrate that: 1) the underlying claim is of arguable merit; 2) counsel's performance was unreasonable; and 3) counsel's ineffectiveness resulted in prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 158–59, 527 A.2d 973, 975 (1987).

As the United States Supreme Court held in *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), the cruel and unusual punishments clause of the Eighth Amendment does not prohibit the death penalty *per se. Id.* at 188, 96 S.Ct. at 2932; *see also Commonwealth v. Zettlemoyer*, 500 Pa. 16, 77, 454 A.2d 937, 969 (1982), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983) (holding that the death penalty does not violate the prohibition against cruel punishments set forth in Article 1, Section 13 of the Pennsylvania Constitution). Rather, the Eighth Amendment proscribes the infliction of the sentence of death under legal systems that permit the penalty to be "wantonly and freakishly" imposed. *See Gregg*, 428 U.S. at 188, 96 S.Ct. at 2932. Thus, the discretion that attends the decisions to seek and

impose the death penalty must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action. *See id.* at 189, 96 S.Ct. at 2932. In this regard, the constitutionality of Pennsylvania's statute has been upheld at both the federal and state levels, *see Blystone v. Pennsylvania,* 494 U.S. 299, 305, 110 S.Ct. 1078, 1082, 108 L.Ed.2d 255 (1990); *Zettlemoyer,* 500 Pa. at 77, 454 A.2d at 969, and Crews' challenge to the death penalty generally is therefore without merit.

Turning to Crews' contention that, under Pennsylvania's death penalty statute the sentencing jury is accorded inappropriate discretion, this allegation is also unfounded. In *Commonwealth v. Hardcastle,* 519 Pa. 236, 546 A.2d 1101 (1988), this Court found that the definitive standards set forth at Section 9711(d) and (e) of the Judicial Code, 42 Pa.C.S. § 9711(d), (e) (aggravating and mitigating circumstances), appropriately guide juror discretion to ensure that verdicts are not arbitrary or capricious. *Id.* at 258, 546 A.2d at 1111; *see also Commonwealth v. Frey,* 504 Pa. 428, 440, 475 A.2d 700, 706 (1984).

With respect to Crews' allegation that the death penalty is disproportionately applied to the poor, he has offered no evidence whatsoever in this regard. Even if Crews had demonstrated some degree of disproportionate impact, however, the Eighth Amendment is not offended by inconsistent results, provided that the discretion that accompanies the sentencing decision is properly channeled. *McCleskey v. Kemp,* 481 U.S. 279, 307 n. 28, 313, 107 S.Ct. 1756, 1775 n. 28, 1778, 95 L.Ed.2d 262 (1987).[1] As noted above, Pennsylvania's death penalty statute appropriately limits the discretion involved in both seeking and imposing the death penalty, setting forth objective criteria in the form of aggravating circumstances that are completely unrelated to the socioeconomic status of the defendant. *See* 42 Pa.C.S. § 9711(d). Moreover, Crews does not demonstrate or, for that matter allege, how

---

1. Notably, Crews has confined his argument on this issue to an Eighth Amendment challenge. He has not advanced an independent claim under the equal protection clause of the Fourteenth Amendment.

prosecutorial discretion was abused in the selection of cases in which the death penalty was sought. Hence, his claim in this regard lacks a necessary foundation and is, therefore, merit-less. *See Hardcastle,* 519 Pa. at 258, 546 A.2d at 1111 (holding that absent some showing that prosecutorial discretion was abused in the selection of cases in which the death penalty was sought, there is no basis for either a claim under the Eighth Amendment or a claim under the equal protection clause); *Commonwealth v. DeHart,* 512 Pa. 235, 261–62, 516 A.2d 656, 670 (1986) (same). Crews also fails to articulate how the death penalty is unconstitutional as applied to him. Indeed, a proportionality review was conducted in Crews' case on direct appeal and the sentences of death were found to be propor-tional to sentences imposed in similar cases. *See Crews,* 536 Pa. at 532, 640 A.2d at 407.

For these reasons, Crews' Eighth Amendment claims are devoid of any merit. Therefore, counsel cannot be deemed ineffective for failing to pursue them. *See Commonwealth v. Pursell,* 508 Pa. 212, 224, 495 A.2d 183, 189 (1985).

■ The remainder of Crews' claims have been previously litigated. Crews' second claim of error relates to the alleged failure of the trial court to conduct a *Frye* hearing,[2] an issue this Court addressed on direct appeal. When addressing this issue previously, this Court noted that the trial court heard two days of testimony on DNA analysis before reaching its decision on the acceptability of DNA testing. *See Crews,* 536 Pa. at 519, 640 A.2d at 400. Next, Crews alleges a denial of due process because the Commonwealth's DNA expert was permitted to testify respecting the match in DNA samples without reference to statistical analysis. Again, this issue was addressed on direct appeal, whereupon this Court held that such evidence was properly admitted at trial. *See Crews,* 536 Pa. at 523, 640 A.2d at 402.

Crews' fourth and fifth claims of error involve, essentially, the same issue. He asserts that he was either entitled to a continuance during his trial to have the DNA samples tested

**2.** *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923).

by his own expert or, alternatively, that trial counsel was ineffective in failing to obtain the DNA samples sufficiently in advance of trial to have them tested. This Court previously addressed and rejected Crews' contention regarding the refusal of a mid-trial continuance. *See Crews,* 536 Pa. at 524, 640 A.2d at 403. As to Crews' ineffective assistance allegation, this claim is, effectively, an attempt to relitigate the continuance issue under a different theory. *See Christy,* 540 Pa. at 202, 656 A.2d at 881. In any event, the underlying claim is without merit, as Crews' own expert did evaluate the DNA samples, and the partial results from that evaluation corroborated the Commonwealth's results. *See Crews,* 536 Pa. at 524–25, 640 A.2d at 405.

Crews also claims that counsel was ineffective in failing to object when the Commonwealth's chief investigator referred in his testimony to Crews' post-arrest silence. This issue was reviewed on direct appeal, and this Court held that the reference in question did not relate to an interrogation for the crime, but rather, to questioning during the extradition process. *See Crews,* 536 Pa. at 529, 640 A.2d at 405. Accordingly, the error, if any, was deemed to be harmless. *See id.*

Finally, Crews alleges that he was denied effective assistance of counsel in that the Commonwealth was permitted to place aggravating circumstances before the jury when the notice requirement of Pa.R.Crim.P. 352 had been violated. Once again, this claim was examined on direct appeal, and this Court found that Crews had constructive notice of the aggravating circumstances and was not prejudiced by the late notification. *See Crews,* 536 Pa. at 526, 640 A.2d at 403–404.

Because we have concluded that the claims raised by Crews were previously litigated or are without merit, we affirm the order of the PCRA court.