863 A.2d 498

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Paul David CREWS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 2003.

Decided Dec. 22, 2004.

48

Ellen Berkowitz, Matthew C. Lawry, Philadelphia, for Paul David Crews.

Daniel Stern, Amy Zapp, Harrisburg, for Com. of PA.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice EAKIN.

Paul David Crews appeals from the order denying his second petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We affirm.

In 1990, appellant murdered two hikers on the Appalachian Trail in Perry County. A jury found appellant guilty of first degree murder and sentenced him to death in May, 1991. On direct appeal, this Court affirmed. *See Commonwealth v. Crews (I),* 536 Pa.508, 640 A.2d 395 (1994). Appellant filed a *pro se* PCRA petition January 13, 1997, which was amended by appointed counsel April 14, 1997. On July 22, 1997, the PCRA court dismissed the petition without a hearing; this Court affirmed. *See Commonwealth v. Crews (II),* 552 Pa.659, 717 A.2d 487 (1998).

Appellant filed a petition for writ of habeas corpus in federal court in 1999; while that petition was pending, he filed a second PCRA petition February 18, 1999, which was amended March 18, 1999. The Commonwealth moved to dismiss the PCRA petition as untimely, and appellant filed a response. On August 28, 2002, the PCRA court dismissed the petition as untimely, without a hearing. This appeal followed.

 The PCRA provides:

(b) Time for filing petition.—

(1) Any petition under this subchapter, *including a second or subsequent petition,* shall be filed within *one year of the date the judgment becomes final,* unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2) (emphasis added). The PCRA's time restrictions are jurisdictional, *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 222 (1999); a PCRA court lacks jurisdiction to address the claims raised in an untimely petition. *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 203 (2000). Although there is a grace period for filing petitions in cases where the judgment of sentence was final prior to the effective date of the time-bar, *see Commonwealth v. Rollins,* 558 Pa. 532, 738 A.2d 435, 440 (1999), there is no such period for second or subsequent petitions. *Commonwealth v. Crawley,* 559 Pa. 9, 739 A.2d 108, 109 (1999).

Thus, appellant's second PCRA petition had to be filed within one year from the date his judgment of sentence became final in 1994.[1] Since it was not filed until February 18, 1999, almost five years later, it was facially untimely, and absent one of the three exceptions in § 9545(b)(1)(i)-(iii), relief was not available. Appellant's second petition did not acknowledge its untimeliness or specifically plead the applicability of any exception; however, the petition stated it "is also properly filed on the basis of newly available information concerning the ineffectiveness of post-conviction counsel. 42 Pa.C.S. § 9545(b)." PCRA Petition, 2/19/99, at 6, paragraph 13. Appellant did not specifically plead any timeliness exceptions until his response to the Commonwealth's motion to

---

1. A judgment of sentence becomes final at the conclusion of direct review, including review by the United States and Pennsylvania Supreme Courts, or when the time for seeking such review expires. 42 Pa.C.S. § 9545(b)(3). The time for seeking certiorari with the United States Supreme Court is 90 days. *See* U.S. Sup.Ct. R. 13.1. (petition for writ of certiorari must be filed within 90 days of date that state court of last resort denies discretionary review).

dismiss on the grounds of timeliness; in his appellate brief, he also alleges two timeliness exceptions.

In *Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258 (1999), this Court noted:

> The [PCRA] makes clear that where, as here, the petition is untimely, *it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies. 42 Pa.C.S. § 9545(b)(1). That burden necessarily entails an *acknowledgement by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply.

*Id.,* at 1261 (emphasis added). However, since Beasley's PCRA petition and appellate brief were filed prior to *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638 (1998), the first decision of this Court interpreting the 1995 amendments to the PCRA, we reviewed Beasley's issues to see if any arguably fit within one of the timeliness exceptions. *Id.*

Unlike the petitioner in *Beasley,* appellant's petition was filed three months after *Peterkin* was decided; however, as appellant's petition preceded *Beasley,* this Court had not yet squarely addressed the issue of pleading the timeliness exceptions in the petition. Accordingly, we will review appellant's claims that the first two exceptions, § 9545(b)(1)(i) and (ii), apply.

Appellant contends his failure to raise the claims in a timely manner was the result of governmental interference, 42 Pa. C.S. § 9545(b)(1)(i); he alleges the Commonwealth withheld certain exculpatory, material information from the defense. Appellant argues these alleged *Brady*[2] violations, which he raised as separate issues in his PCRA petition, prevented him from fashioning claims based on the following withheld information: 1) information about Michael Reese, from whom police took a blood sample while investigating the crime; 2) appellant's military records, which the trial court had ordered be provided to the Commonwealth; 3) information about appellant's family background, history of mental illness, and

---

2. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

substance abuse; and 4) information undermining the § 9711(d)(6) and (d)(8) aggravating circumstances, namely, that one of the victims may have already been dead at the time appellant sexually assaulted her, thus negating the killing while in perpetration of a felony aggravator, as well as impeachment evidence concerning the expert who testified regarding the torture aggravator.

On direct appeal, this Court found appellant's claim concerning Michael Reese meritless. *See Crews (I)*, at 406. Appellant may not rely on this meritless claim as grounds for a timeliness exception.

There is nothing which demonstrates appellant could not have supplied his family background information and military records himself. Although he argues his "severe mental and emotional problems make him a very poor self-historian," Appellant's Reply Brief, at 1, none of the information he cites was uniquely within the control of the prosecution. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726, 730 (2002) ("no *Brady* violation occurs where parties had equal access to information or if defendant knew of or could have uncovered evidence with reasonable diligence"). It is not the Commonwealth's responsibility to assess and atone for a defendant's shortcomings as a client.

With respect to the (d)(6) aggravator, this Court concluded on direct appeal "[t]here was absolutely no evidence in the case which tended to prove that intercourse occurred after the victim's death." *Crews (I)*, at 407. Nor is there evidence the Commonwealth ever possessed such. Thus, appellant cannot escape the time-bar by arguing that information undermining this aggravator was withheld by the Commonwealth. As for appellant's argument that the Commonwealth withheld impeachment evidence regarding the expert who testified concerning the (d)(8) aggravator, appellant does not specify what material was allegedly withheld; the only "impeachment" material appellant cites are published decisions of this Court in which the testimony of the same expert was called into question, and the fact that the expert did not

observe the victim's autopsy. As both this fact and the cases were certainly available to defense counsel, the Commonwealth's failure to disclose them was not a *Brady* violation, *Grant, supra,* and appellant's governmental interference claim is meritless.

■ Appellant also claims the facts upon which his PCRA claims are predicated were unknown to him and could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). Appellant argues the "fact" which was unknown to him was that he needed to exhaust his state remedies before federal habeas corpus relief was available, and he was not aware of this until his federal petition was dismissed in November, 1999. Appellant misconstrues this exception; the "facts" of which the exception speaks are *those on which the PCRA claims are based. See id.* ("the facts upon which the claim is predicated were unknown to the petitioner . . ."). As none of the claims in appellant's PCRA petition were unknown to him or undiscoverable by him within the first year after his judgment of sentence became final, he may not avail himself of this exception.

■ Appellant also claims his second PCRA petition should be treated as his first, since his first one was "effectively uncounseled." Appellant's Brief, at 19. Appellant points to the fact that his first amended PCRA petition, filed by prior PCRA counsel, raised issues which were either previously litigated or that challenged the already-settled constitutionality of Pennsylvania's death penalty statute. However, it is well settled that the alleged ineffectiveness of all prior counsel, including first PCRA counsel, does not fall within the governmental interference exception. *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911, 915–16 (2000) (petitioner's claim in second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel). Further, a petitioner's belief that he has uncovered a colorable claim of ineffectiveness by prior counsel does not entitle the petitioner to an exception to the timeliness requirements. *Commonwealth v. Howard,* 567 Pa. 481, 788 A.2d 351, 355 (2002); *see*

*also Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780, 785–86 (2000) ("fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); *Commonwealth v. Lark,* 560 Pa. 487, 746 A.2d 585, 589 (2000) (allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims). Accordingly, this claim fails.

Appellant next argues his second PCRA petition should be treated as an extension of his first *pro se* petition; because he never verified counsel's amendments to his *pro se* petition, he claims that petition was unamended until the current one was filed by new counsel. This argument is unavailing; there is no requirement that a petitioner independently verify counseled amendments to a *pro se* petition. *See* Pa.R.Crim.P. 904–905. Furthermore, appellant never attempted to withdraw his amended first petition at any point throughout the proceedings before the PCRA court, where it was finally ruled upon and found meritless. *Cf. Commonwealth v. Williams,* 573 Pa. 613, 828 A.2d 981, 990–91 (2003) (second petition treated as first petition *nunc pro tunc,* where petitioner withdrew first *pro se* petition before appointment of counsel). This petition was properly treated as appellant's second one.

Appellant further claims his alleged incompetence during the first PCRA proceedings, absent the appointment of a "next friend" to protect his interests,[3] renders the instant petition an extension of his timely filed first one. Aside from the affidavit of appellant's present counsel, there is no evidence in the record concerning appellant's alleged incompetence during collateral review, and appellant makes no proffer as to any evidence which exists in support of this claim; the only expert reports or medical evidence appellant refers to is that relevant to his mental condition at the time of trial. Further, he does not aver facts which would entitle him

**3.** *See Commonwealth v. Haag,* 570 Pa. 289, 809 A.2d 271 (2002) (when represented by next friend and counsel, petitioner's incompetence does not bar effective collateral review in capital case).

to an evidentiary hearing on this issue. Accordingly, this claim fails.

Finally, appellant claims that barring his second petition as untimely violates due process, since, between the filing of his first and second petitions, relaxed waiver was abolished in capital PCRA cases. *See Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693 (1998). Thus, when first PCRA counsel failed to raise certain issues, appellant was not on notice that counsel's failure would lead to an eventual time-bar of those claims. In a related vein, appellant further claims that depriving him of a mechanism to vindicate his "enforceable right" to effective assistance of PCRA counsel violates due process. These are nothing more than thinly-veiled attempts to utilize counsel's alleged ineffectiveness to circumvent the time-bar, a tactic which has been flatly rejected by this Court. *See Commonwealth v. Davis*, 816 A.2d 1129, 1135 (Pa.Super.2003) (attempts to escape PCRA's jurisdictional time-bar by alleging ineffectiveness of counsel regularly rejected by courts) (collecting cases). Appellant's arguments are meritless.[4]

Because appellant's second PCRA petition is untimely and does not fall within any of the recognized exceptions to the time-bar, the PCRA court properly dismissed his petition.

Order affirmed.

Justice BAER files a concurring opinion.

### *CONCURRING OPINION*

Justice BAER.

I join the majority opinion in all respects save one. Appellant argues that the Commonwealth failed to provide him with

---

4. In a last effort to circumvent the time-bar, appellant contends his claim of PCRA counsel's ineffectiveness is not cognizable under the PCRA, *see* 42 Pa.C.S. § 9543(a)(2); therefore, the PCRA's time-bar is inapplicable. This argument defies logic; before the PCRA court may consider the grounds for relief, it must have jurisdiction, and a court has no jurisdiction over an untimely petition. *Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94, 99 (2001); *Peterkin, supra.* Furthermore, if appellant's assertion that non-cognizable claims are outside the time-bar was correct, the result would be a timely filed petition entitling him to absolutely no relief.

56

exculpatory material pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The majority acknowledges Appellant's contentions that "severe mental and emotional problems make him a very poor self-historian." Op. at 502. Nevertheless, the majority opines that "it is not the Commonwealth's responsibility to assess and atone for a defendant's shortcomings as a client." *Id.*

While this may be so in cases where defendants do not suffer from mental infirmities and have access equal with the Commonwealth to alleged exculpatory material, the majority's statement is too broad. Recently, in *Commonwealth v. Santiago,* 855 A.2d 682 (Pa.2004), a plurality of our Court noted that a defendant could not waive averments of incompetency in recognition that the very state of incompetency could impair one's ability to recognize and raise the issue. *See also, Commonwealth v. Marshall,* 456 Pa. 313, 318 A.2d 724 (1974) (stating that it would be contradictory to argue that a defendant may be incompetent, and yet knowingly and intelligently waive his right to have the court determine his capacity to stand trial). An analogous Catch 22 could be applicable in cases where the Commonwealth is aware of exculpatory information which a defendant cannot understand or articulate because of mental illness. In such situations, it is, in my view, the Commonwealth's responsibility "to assess a defendant's shortcomings as a client" to the extent such shortcomings arise from emotional or mental health disorders, and to make disclosures regarding defendant's history in recognition thereof. While in this case there is no indication of a *Brady* violation, under the circumstances referenced herein, there may, indeed, be.