J-S78034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY BECKETT, | : | |
| | : | |
| Appellant | : | No. 521 MDA 2014 |

Appeal from the Order entered on February 11, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0003393-1991

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 13, 2015**

Harry Beckett ("Beckett"), *pro se*, appeals from the Order dismissing his *pro se* "Motion Letter" (hereinafter referred to as "Motion for relief").[1] We affirm.

In November 1992, a jury found Beckett guilty of first-degree murder and criminal conspiracy, after which the trial court sentenced him to life in prison. This Court affirmed the judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Beckett*, 654 A.2d 597 (Pa. Super. 1994) (unpublished memorandum), *appeal denied*, 655 A.2d 982 (Pa. 1995).

---

[1] As the Court of Common Pleas explains in its Statement in Lieu of Rule 1925(a) Opinion (hereinafter "Statement in Lieu of Opinion"), "although [Beckett's Motion for relief is] captioned as a Motion and request[s] relief, [it is] composed [of two] letters[, which] primarily ask [the] Judge to seek information from [Beckett's] own physician." Statement in Lieu of Opinion, 5/12/14, at 1.

In the following years, Beckett filed three separate Petitions for collateral relief under the Post Conviction Relief Act ("PCRA"),[2] all of which were dismissed, and this Court affirmed each dismissal. ***See Commonwealth v. Beckett***, 60 A.3d 585 (Pa. Super. 2012) (unpublished memorandum), ***appeal denied***, 67 A.3d 693 (Pa. 2013); ***Commonwealth v. Beckett***, 6 A.3d 548 (Pa. Super. 2010) (unpublished memorandum), ***appeal denied***, 17 A.3d 920 (Pa. 2011); ***Commonwealth v. Beckett***, 806 A.2d 456 (Pa. Super. 2002) (unpublished memorandum), ***appeal denied***, 820 A.2d 702 (Pa. 2003).[3]

In January 2014, Beckett filed the Motion for relief, in the form of two separate letters sent directly to the PCRA court judge. By an Order entered on February 11, 2014, the PCRA court dismissed the Motion for relief, ruling that it did not set forth any grounds upon which the PCRA court could provide relief.

Beckett timely filed a *pro se* Notice of Appeal. In response, the PCRA court issued its Statement in Lieu of Opinion, opining that the court properly dismissed the Motion for relief because "[Beckett] has exhausted all of his post-trial remedies[,] and the [Motion for relief does] not allege [] any of the exceptions [to the PCRA's jurisdictional time bar] for granting consideration

---

[2] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[3] This Court, in its Memorandum filed on August 29, 2012, thoroughly set forth the procedural history, including Beckett's *habeas corpus* action filed in federal court. ***See Beckett***, 60 A.3d 585 (unpublished memorandum at 1-4).

J-S78034-14

under the P[CRA.]" Statement in Lieu of Opinion, 5/12/14, at 1; ***see also***

42 Pa.C.S.A. § 9545(b)(1)(i-iii) (setting forth the PCRA's three exceptions).

On appeal, Beckett presents the following issues for our review, which

we have modified slightly for clarity:

1. [Whether this case must be] remand[ed] to [the] Honorable [] William T. Tully, to author a PCRA Opinion on both [Beckett's] timely filed [] PCRA [Petition,] and [Pa.R.Crim.P.] 907 Objection[]s, that [were] not considered[,4 and whether this amounts to] an abuse of discretion …[?]

2. [Whether a] remand [] allows [the] PCRA court to exercise invested 28 U.S.C. § 2254(b)[5] "double differential review"[] by converting [the] present PCRA [Petition,] and [Pa.R.Crim.P.] 907 Objection[]s[,] into a state *habeas corpus* [action] to address a freestanding claim of "actual innocence[,]" relief not available within the framework of the PCRA …[?]

_____

4 As we discuss below, the alleged PCRA Petition to which Beckett refers is not contained in the certified record.

5 Section 2254(b) provides, in relevant part, as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

- 3 -

Brief for Appellant at 5 (capitalization, emphasis, footnotes, and some quotation marks omitted; footnotes added).[6]

Preliminarily, we observe that Beckett's Motion for relief is properly treated as a Petition filed pursuant to the PCRA.[7] *See Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (stating that any petition filed after an appellant's judgment of sentence becomes final should be treated as a PCRA petition). Therefore, we consider Beckett's claims on appeal under the rubric of the PCRA.

The PCRA provides that "[a]ny [PCRA] petition …, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Beckett's judgment of sentence became final in May 1995. Beckett did not file the instant PCRA Petition/Motion for relief until January 2014, and, therefore, it is facially untimely.

Accordingly, Beckett's PCRA Petition/Motion for relief is time-barred unless he has pled and proven one of the three exceptions to the PCRA's time limitation set forth in section 9545(b)(1)(i-iii). These exceptions provide that a PCRA petition may be filed within sixty days from the date the

---

[6] Beckett's Argument section is largely in narrative form, and like his Statement of Questions Presented, difficult to understand. *See* Brief for Appellant at 6-23.

[7] Accordingly, we will hereinafter refer to the Motion for relief as the "PCRA Petition/Motion for relief."

claim could have been presented, when the petition alleges, and the petitioner proves, the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or law of this Commonwealth or the Constitution of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section has been held by the court to apply retroactively.

***Id.***; ***see also id.*** § 9545(b)(2).

In the PCRA Petition/Motion for relief, Beckett does not allege that the delay in filing his Petition was due to interference by government officials; or that the facts underlying his Petition were unknown to him and could not have been ascertained by the exercise of due diligence; or that the right he has asserted is a retroactive constitutional right. ***See Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) (stating that "*it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies." (citation omitted, emphasis in original)). Therefore, Beckett's PCRA Petition/Motion for relief is time-barred, and neither this Court nor the PCRA court has jurisdiction to address Beckett's claims. ***See Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the

petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (citation omitted)).

In so ruling, we observe that, in Beckett's *pro se* Notice of Appeal, he asserts that he filed the Motion for relief in connection with his alleged filing of a fourth *pro se* PCRA Petition, which, Beckett asserts, "has been misplaced by the [PCRA] court because [Beckett] has not received an order denying the PCRA []Petition[.]" Notice of Appeal, 3/17/14, at 1 (emphasis omitted). However, our review of the certified record, and the PCRA court's docket, reveals no such PCRA Petition; therefore, we may not consider the alleged PCRA Petition. ***See Commonwealth v. McCafferty***, 758 A.2d 1155, 1159 (Pa. 2000) (observing that an appellate court may consider only matters certified in the record on appeal).

Based upon the foregoing, we conclude that the PCRA court properly dismissed Beckett's PCRA Petition/Motion for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015

- 6 -