J-S06029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMEL ANDERSON | : | |
| | : | No. 345 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order January 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0607951-2004

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 26, 2018**

Appellant Ramel Anderson appeals *pro se* from the order of the PCRA court dismissing his second petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The underlying facts are not relevant to our disposition. In short, Anderson was convicted in 2006 of second-degree murder, robbery, and burglary, and was sentenced to life imprisonment.[2] We affirmed the judgement of sentence, and in May 2009, the Pennsylvania Supreme Court denied Anderson's Petition for Allowance of Appeal. ***See Commonwealth v.***

_____

[1] 42 Pa.C.S.A. § 9541-46.

[2] Appellant was convicted of violating 18 Pa.C.S.A. §§ 2502(b), 3701, and 3502(a), following the 1998 murder of George Volz inside his home.

***Anderson***, 965 A.2d 286 (Pa.Super. 2008) (unpublished memorandum), *appeal denied*, 972 A.2d 519 (Pa. 2009).

In May 2010, Anderson filed his first PCRA petition, *pro se*. Anderson was appointed counsel, who subsequently filed a Petition to Withdraw pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court granted counsel leave to withdraw and dismissed Anderson's PCRA Petition, and we affirmed; the Pennsylvania Supreme Court denied allowance of appeal. ***See Commonwealth v. Anderson***, 87 A.3d 876 (Pa.Super. 2013) (unpublished memorandum), *review denied*, 87 A.3d 814 (Pa. 2014).

On October 8, 2013, Anderson filed a second PCRA petition, which gave rise to this appeal. In the Petition, Anderson claimed that he received a copy of his criminal docket on September 17, 2013, at which time he discovered that the Commonwealth did not file a criminal complaint against him until July 1, 2004, even though he was arrested on March 13, 2004, and held without bail. ***See*** PCRA Petition, filed August 8, 2013, at 4.

The PCRA court took no action on Anderson's second petition until May 19, 2014, when counsel was appointed to represent Anderson.[3] On May 13, 2016, counsel filed a ***Finley*** letter. The PCRA court dismissed Anderson's second PCRA petition as untimely on January 6, 2017, and permitted counsel to withdraw.

_____

[3] For reasons that do not appear in the record, new counsel was appointed for Appellant on September 17, 2015.

Anderson filed a notice of appeal on January 10, 2017. However, on January 30, 2017, the PCRA court vacated its order of January 6, 2017, and issued a new order, again dismissing Anderson's second PCRA petition and permitting counsel to withdraw. It appears that the January 6, 2017 order of the PCRA court permitted the wrong attorney to withdraw, spurring the January 30, 2017 correction.

Anderson presents the following issues:

1.     Is the Defendant entitled to a new trial because the trial counsel failed to investigate time limits and exclusions under the Speedy Trial Rule where the Commonwealth failed to file charges against the Defendant within a proper time limit?

2.     Is the Defendant entitled to a new trial because of [sic] the Prosecutor's closing remarks violated the Defendant's Constitutional rights?

3.     Is the Defendant entitled to a new trial because trial counsel failed to investigate and to seek out an expert witness to rebut the medical examiner[']s finding that could prove that the decedent could have died other than [by] homicide?

4.     Is the Defendant entitled to a new trial because the Philadelphia Police's search of the Defendant's home was unconstitutional and illegal because they were only allowed to do a protective sweep and not search because they did not have a search warrant so any evidence after that point is suppose[d] to be thrown out because of fruit from a poisonous tree?

Anderson's Br. at 3 (answers below omitted).

"[I]n reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the

determination of the PCRA court and whether the ruling is free of legal error."
***Commonwealth v. Grove***, 170 A.3d 1127, 1136 (Pa.Super. 2017).

We first consider whether Anderson's Notice of Appeal was filed prematurely, as the PCRA court vacated the January 6 order under appeal and entered a subsequent final order on January 30, and Anderson filed no new notice of appeal. Because the January 6 order was appealable at the time it was entered, and because the January 30 order merely corrected a patent error in the January 6 order, we will not quash the appeal as premature. ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

We do not reach the merits of Anderson's issues on appeal because the PCRA court correctly determined that it lacked jurisdiction. The PCRA court explained in its Pa.R.A.P. 1925(a) opinion that the PCRA's timeliness requirements are jurisdictional, and that under 42 Pa.C.S.A. § 9545(b)(1), all PCRA petitions must be filed within one year of the date on which the petitioner's judgement of sentence becomes final, unless the petition meets one of three exceptions. ***See*** PCRA Court Opinion, filed June 9, 2017, at 7-8. The PCRA court found that although Anderson claimed the exception in subsection 9545 (b)(1)(ii) (that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the

excellence of due diligence"), Anderson presented no newly discovered evidence to validate his untimely petition. **Id.** at 8.

We agree with the PCRA court's assessment. Anderson's judgment of sentence became final on August 26, 2009, 90 days after the Pennsylvania Supreme Court denied Anderson's petition for direct review, as Anderson did not seek review in the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment becomes final at the conclusion of direct review, or the expiration of time for seeking direct review); U.S. Sup. Ct. R. 13 (allowing 90 days to file a petition for writ of certiorari with the United States Supreme Court); **Commonwealth v. Crews**, 863 A.2d 498, 501 n.1 (Pa. 2004). Anderson then had one year, until August 26, 2010, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Anderson's petition, filed in 2013, is therefore patently untimely.

Anderson claims that his petition is timely under the after discovered facts exception because the copy of the court docket he obtained in 2013 alerted him to the date of his arrest and the date the filing of the criminal complaint. However, the after-discovered facts exception "requires [a] petitioner to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (quotation marks and citation omitted). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for

previously known facts." ***Id.*** (quotation marks, citation, brackets, and footnote omitted). The dates of Anderson's arrest and the filing of the criminal complaint in 2004 could have been ascertained by Anderson's due diligence at least at the time of his first PCRA petition, and therefore his 2013 receipt of a copy of his court docket does not meet the after-discovered facts exception. Thus, we affirm the PCRA court's dismissal of Anderson's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18