J-S40015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
TERRENCE SELDON, :
:
Appellant : No. 2804 EDA 2017

Appeal from the PCRA Order August 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012827-2012

BEFORE: LAZARUS, J., DUBOW, J., and PLATT, J.*

JUDGMENT ORDER BY DUBOW, J.: **FILED DECEMBER 24, 2018**

Appellant Terrence Seldon appeals from the Order dismissing his first Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"). He avers counsel provided ineffective assistance. Because Appellant did not timely file his PCRA Petition, this Court is without jurisdiction to review the merits. We, thus, affirm.[1]

On July 24, 2012, Appellant and two individuals conspired to rob the home of a suspected drug dealer. Appellant drove the vehicle to the home, and remained in the car while one of the individuals shot and killed two teenage boys in the home. When the shooter returned to the car, Appellant drove the car away from the scene. The Commonwealth arrested Appellant

---

[1] This panel originally filed a Judgment Order quashing this appeal on November 9, 2018. However, we granted panel reconsideration on December 20, 2018, and withdrew that filing. We now file this Judgment Order, rendered after reconsideration.

---

* Retired Senior Judge assigned to the Superior Court.

and charged him with two counts of Murder and Conspiracy, among other offenses, on two different docket numbers: CP-51-CR-0012826-2012 ("Case 1") and CP-51-CR-0012827-2012 ("Case 2"). The trial court consolidated the cases for purposes of trial.

On July 27, 2015, Appellant entered negotiated guilty pleas in both cases to, *inter alia*, two counts of Third-Degree Murder and one count of Conspiracy. The trial court sentenced Appellant to an aggregate term of 35 to 70 years' imprisonment.[2]

Appellant did not file a post-sentence motion or a direct appeal in Case 2, the subject of this PCRA petition.[3]

On January 5, 2017, Appellant filed a *pro se* PCRA Petition under the docket number for Case 2, asserting ineffective assistance of plea counsel and challenging the legality of his sentence. The PCRA court appointed counsel, and counsel entered his appearance on May 8, 2017.

---

[2] Appellant received concurrent sentences of 20 to 40 years' incarceration for the Murder convictions and a consecutive sentence of 15 to 30 years' incarceration for his Conspiracy conviction.

[3] Appellant did file a post-sentence motion and a direct appeal at Case 1. After Appellant filed the Notice of Appeal on in Case 1, Appellant's counsel filed an Application to amend the Notice of Appeal to add Case 2. This Court denied the Application and directed Appellant to seek relief in the court of common pleas. **See** Order, 49 EDA 2016, filed 3/29/16. We subsequently affirmed the Judgment of Sentence entered at Case 1**. *Commonwealth v. Seldon***, No. 49 EDA 2016 (Pa. Super. filed No. 23, 2016), *appeal denied*, 168 A.3d 1248 (Pa. 2017).

On June 5, 2017, counsel filed a **Turner**/**Finley**[4] letter and a Motion to Withdraw as Counsel. On July 13, 2017, the PCRA court filed a Notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907, and on August 8, 2017, the court dismissed the PCRA Petition and granted counsel's Motion to Withdraw.

Appellant timely appealed *pro se* to this Court. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. In his *pro se* Brief, Appellant raises four issues, each alleging plea counsel ineffectiveness based on proclamations of his innocence. Before we consider the merits of the issues raised, we must determine whether this Court has jurisdiction to consider the PCRA Petition.

Pursuant to the PCRA, a petitioner seeking post-conviction collateral review must file a Petition within one year of the date that the Judgment of Sentence becomes final. 42 Pa.C.S. § 9545(b). "The PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (citation omitted). Thus, "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address substantive claims." **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005) (citations omitted).

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Because Appellant did not file a direct appeal in Case 2, his Judgment of Sentence became final on August 26, 2015. Pa.R.A.P. 903(a) (providing 30 days to take an appeal). Appellant, thus, had until August 26, 2016, to file his PCRA Petition. 42 Pa.C.S. § 9545(b)(1). Appellant filed his *pro se* PCRA Petition on January 5, 2017, over four months late. It is, thus, facially untimely.

Our courts may consider an untimely PCRA Petition if the petitioner pleads and proves that he has met one of the PCRA's timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). **See Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004) (recognizing that it is a petitioner's burden to plead in petition and prove that an exception applies). In the form PCRA Petition that Appellant filed *pro se*, he checked a box indicating that there was exculpatory evidence unknown to him at the time of trial, which invokes the exception provided in subsection (b)(ii). However, in the text explaining why he checked that box, Appellant made no reference to any such evidence. **See** PCRA Petition, filed 1/5/17.[5]

Appellant failed to plead and prove any of the exceptions to the PCRA's one-year filing requirement. Accordingly, this Court is without jurisdiction to review the merits of Appellant's issues.

Order affirmed.

---

[5] The explanation pertained to a challenge to the legality of his sentence, which Appellant has not raised in this appeal.

- 4 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/24/2018*