J-S20011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNATHAN KEITH GODINES, | : | |
| | : | |
| Appellant | : | No. 714 WDA 2018 |

Appeal from the PCRA Order April 18, 2018
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000524-2012

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 28, 2019**

Johnathan Keith Godines ("Godines") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In October 2013, following a jury trial, Godines was convicted of third-degree murder, aggravated assault, simple assault, recklessly endangering another person, and disorderly conduct, arising out of a physical altercation that ultimately resulted in the death of John Eicholtz. The trial court sentenced Godines to an aggregate term of 20 to 40 years in prison. Godines filed a post-sentence Motion for modification of sentence, which the trial court denied. On direct appeal, this Court vacated Godines's aggravated assault conviction, based upon the fact that the aggravated assault and third-degree

murder convictions should have merged for sentencing purposes,[1] and affirmed Godines's judgment of sentence in all other respects. ***See Commonwealth v. Godines***, 116 A.3d 675 (Pa. Super. 2014) (unpublished memorandum). Godines did not seek allowance of appeal with the Pennsylvania Supreme Court.

Godines filed his first *pro se* PCRA Petition on September 30, 2015. The PCRA court appointed counsel, who filed an Amended Petition on Godines's behalf. Additionally, Godines was permitted to employ a medical expert in pathology to review medical records pertaining to the victim's death. After PCRA counsel withdrew as a result of a conflict of interest, the PCRA court appointed Godines new counsel. The PCRA court conducted a hearing, and subsequently denied Godines's first Petition on October 4, 2016. This Court affirmed the denial of relief. ***See Commonwealth v. Godines***, 169 A.3d 1190 (Pa. Super. 2017) (unpublished memorandum).

On October 20, 2017, Godines, *pro se*, filed the instant PCRA Petition. The PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Godines's second Petition on December 5, 2017. Godines filed a *pro se*

---

[1] Because the trial court had ordered the separate aggravated assault sentence to run concurrently with the third-degree murder sentence, this Court was not required to remand for resentencing.

Response.[2]  On April 18, 2018, the PCRA court dismissed Godines's second

Petition as untimely filed, and this timely appeal followed.[3]

> Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

[2] Godines had also filed a Notice of Appeal on December 20, 2017, and an Application for permission to proceed *in forma pauperis* on January 12, 2018. On March 2, 2018, this Court entered an Order quashing Godines's appeal as prematurely filed.

[3] The PCRA court had previously entered an Order dismissing Godines's second Petition on February 5, 2018.  Godines filed a timely appeal from that Order, which was docketed in this Court at 323 WDA 2018.  Godines also filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.  On April 18, 2018, the PCRA court re-filed an **identical** Order dismissing Godines's Petition as untimely filed (after Godines had filed an Application to Proceed in District Court Without Prepaying Fees or Costs in the United States District Court for the Western District of Pennsylvania, as well as a Petition for writ of *habeas corpus*).  Godines filed a timely Notice of Appeal from the PCRA court's April 18, 2018 Order, which was docketed in this Court at 714 WDA 2018.  The PCRA court did not direct Godines to file a new concise statement.  Subsequently, on June 15, 2018, this Court entered an Order directing that the appeals at 323 WDA 2018 and 714 WDA 2018 be listed consecutively before a single panel of this Court.  On July 27, 2018, this Court dismissed **only** the appeal at 323 WDA 2018, due to Godines's failure to file an appellate brief.  Godines filed an Application for Clarification at both dockets on August 7, 2018, indicating that because there were two different docket numbers regarding the same underlying case, he was unsure at which docket he should file his brief.  This Court subsequently entered an Order (which was entered at 714 WDA 2018 on March 21, 2019, but was not entered at 323 WDA 2018 until May 14, 2019) granting Godines's Application for Clarification, and directing that the two dockets be consolidated for appeal.  However, the dockets were never consolidated.  In fact, the Order consolidating the appeals was entered **after** the Order dismissing the appeal at 323 WDA 2018.  In light of this unique procedural posture, and because Godines timely filed an appeal from each of the PCRA court's identical Orders, we will consider Godines's appeal as properly and timely filed from the PCRA court's April 18, 2018 Order dismissing his Petition.

*Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Godines's judgment of sentence became final on December 31, 2014, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a). Because Godines did not file the instant PCRA Petition until October 2017, it is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions

"shall be filed within 60 days[4] of the date the claim could have been presented." **Id.** § 9545(b)(2) (footnote added); **Albrecht**, 994 A.2d at 1094.

In his brief, Godines identifies seven claims regarding the effectiveness of his trial and PCRA counsel. However, Godines fails to properly plead and prove any of the three statutory exceptions, nor does he acknowledge that his second Petition is untimely.[5] **See Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004) (stating that "it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. That burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." (citation and emphasis omitted)). Additionally, "a claim that counsel was ineffective will not save an untimely PCRA petition." **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001). Because Godines's Petition is untimely, and

---

[4] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, Dec. 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to *one year*. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3 (hereinafter "Act 146"). However, as Godines filed his Petition prior to December 24, 2017, the one-year time limit does not apply to the instant case.

[5] Godines provides a cursory citation to 42 Pa.C.S.A. § 9545(b)(1)(ii) (concerning newly-discovered facts), and states that his Petition is timely under the one-year time limit provided for in Act 146. **See** Brief for Appellant at 17. However, the enactment of Act 146 is not, as Godines asserts, a "new law" for purposes of determining the timeliness of a PCRA petition. Further, Godines fails to assert that any of his ineffectiveness claims are predicated on newly-discovered facts.

fails to raise any of the timeliness exceptions, we may not address the merits of his claims. ***See Crews***, ***supra***; ***see also Albrecht***, 994 A.2d at 1094.

Based upon the foregoing, we affirm the PCRA court's Order dismissing Godines's Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2019