J-S10005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH RICHARD CHAMPAGNE | : | |
| | : | |
| Appellant | : | No. 641 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of Adams County
Criminal Division at CP-01-CR-0000731-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 01, 2022**

Keith Richard Champagne (Appellant) appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 7, 2016, Appellant pled guilty to driving under the influence of alcohol (DUI), and driving under suspension for DUI.[1]  On March 24, 2016, the trial court sentenced Appellant, for DUI, to 18 months to 5 years of partial confinement.  For driving under suspension, the court sentenced Appellant to a concurrent 6 to 12 months of partial confinement.  Appellant did not appeal.  Therefore, his judgment of sentence became final on or about April 24, 2016.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(c) (highest rate of alcohol); 75 Pa.C.S.A. § 1543(b)(1.1)(ii) (operating privileges suspended due to prior DUI).

[2] *See* Pa.R.A.P. 903 (notice of appeal must be filed within 30 days).

Approximately four and a half years later,

> [o]n September 28, 2020, Appellant entered a no contest acknowledgment to violations of conditions of his parole, including a new violation of the law while on parole supervision. On that date, [Appellant's] parole was revoked, he was recommitted for the [] time of the original sentence, which was 35 months, 30 days. He was given 49 days of custody credit and it was Ordered he would be eligible for re-parole upon completion of intensive outpatient treatment and after beginning an appropriate stepdown treatment plan. The September 28, 2020 revocation was the second parole revocation in this case.

> Appellant filed a *pro se* Notice of Appeal from that September 28, 2020 Order. Pursuant to the directives of the Superior Court filed November 10, 2020, an inquiry was conducted on the record to determine whether the Appellant wished to waive his right to counsel. That inquiry was conducted by the Honorable Shawn C. Wagner on December 8, 2020 and Judge Wagner found that Appellant's decision to waive counsel was knowing, intelligent and voluntary and allowed him to proceed *pro se* on his appeal.

> A comprehensive 1925(a) Opinion was filed on December 18, 2020 by the undersigned. In this PCRA matter, Appellant **continues to complain that the original sentence imposed by President Judge Michael A. George on March 24, 2016 was illegal**. In other words, Appellant continues to raise identical issues that were raised on prior direct appeal [and subsequent PCRA petitions] as the basis for claiming ineffective assistance of counsel during his parole revocation proceedings. []

> On April 22, 2021, Appellant filed a *pro se* PCRA Petition claiming ineffective assistance of counsel at parole revocation proceedings based on revocation counsel's failure to object to the legality of the sentence originally imposed in this case. **That issue has been repeatedly litigated**. This is the third PCRA Petition filed to this docket. **All three PCRA Petitions have challenged the legality of Appellant's original sentence and his subsequent parole recommitments to the [] time remaining on that original sentence**.

On April 28, 2021, this [c]ourt authored a Notice of Intent to Dismiss [Appellant's] Third PCRA Petition which addressed all issues raised in that PCRA Petition. []

Following service of the Notice of Intent to Dismiss the PCRA Petition, [Appellant] filed a response reiterating the same arguments and same issues originally presented by the PCRA Petition. Appellant's response was addressed by this [c]ourt's Order of May 11, 2021, and [Appellant's] Third PCRA Petition in this case was dismissed without a hearing for the reasons set forth by this Court in its multiple previous notices and opinions.

PCRA Court Opinion, 6/14/21, at 1-3 (emphasis added).

In reviewing the PCRA court's denial of relief, we examine whether the determination is supported by the record and free of error. ***Commonwealth v. Montalvo,*** 114 A.3d 401, 409 (Pa. 2015). We will not disturb the court's findings unless there is no support in the record. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa. Super. 2012).

Upon review, we agree with the Commonwealth's argument that "Appellant's claims are time-barred and previously litigated." Commonwealth Brief at 12. A PCRA petition must be filed within one year of the petitioner's sentence becoming final. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42

Pa.C.S.A. § 9545(b)(3). "If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." ***Commonwealth v. Reid***, 235 A.3d 1124, 1140 (Pa. 2020) (citation omitted).

Appellant's judgment of sentence became final in April 2016. He filed the instant PCRA petition five years later, in April 2021. To circumvent the time bar, Appellant had to plead and prove an exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Critically, Appellant has not pled or proven that his late filing was due to interference by government officials (***id.*** § 9545(b)(1)(i)); unknown facts that could not have been ascertained by due diligence (***id.*** § 9545(b)(1)(ii)); or a retroactive constitutional right (***id.*** § 9545(b)(1)(iii)). "[I]t is the **petitioner's burden to plead in the petition** and prove that one of the exceptions applies." ***Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) (citation omitted; emphasis in original); ***Commonwealth v. Wharton***, 886 A.2d 1120, 1126 (Pa. 2005) (same).

Appellant does not reference the PCRA time bar in his petition — or any of his other pleadings. Although Appellant indicates in the petition that he was sentenced on September 28, 2020 (the date of his revocation sentence), his claims pertain to the sentence imposed on March 24, 2016. PCRA Petition, 4/22/21, at 2-3. Appellant states his petition "should not be deemed a third petition, but in fact a first petition filed as of right, challenging the Parole

Revocation Proceeding based on Original Sentence Illegality." Appellant's Reply Brief at 2 (unnumbered). We disagree.

Without raising an exception to the time bar, Appellant challenges the legality of the sentence imposed on March 24, 2016. Appellant's Brief at 6-7. **See also** PCRA Court Opinion, 6/14/21, at 2 ("This is the Third PCRA Petition filed to this docket. All three PCRA Petitions have challenged the legality of Appellant's original sentence[.]"); **see also** Commonwealth Brief at 9 (Appellant "is raising claims that his original sentence in 2016 is illegal.").

While "challenges to the legality of a sentence cannot be waived," a court must first have jurisdiction. **Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) (citation omitted); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Because Appellant has not pled or proven an exception to the PCRA time bar, his petition is untimely. Accordingly, we lack jurisdiction to address the merits of his claims. **See id**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2022