**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HIEP VAN DIEU, | |
| Appellant | No. 1962 MDA 2014 |

Appeal from the PCRA Order October 29, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001550-2012

BEFORE:  BOWES, WECHT, AND FITZGERALD * JJ.

MEMORANDUM BY BOWES, J:                    **FILED SEPTEMBER 25, 2015**

Hiep Van Dieu appeals from the October 29, 2014 order dismissing his PCRA petition as untimely.  We affirm.

On December 19, 2012, Appellant pled guilty pursuant to a negotiated plea agreement to possession with intent to deliver ("PWID") marijuana and theft of services.[1]  He was sentenced the same day to five years incarceration on the drug charge based on a mandatory minimum under 18 Pa.C.S. § 7508(a)(1)(iii) (involving at least fifty pounds of marijuana or at least 51 live plants).  On the theft charge, the court ordered him to make

---

[1] Appellant was charged with two counts of PWID, and one count each of conspiracy to commit PWID, conspiracy to violate § 911 (corrupt organizations), and theft of services.

* Former Justice specially assigned to the Superior Court.

restitution and sentenced him to one to three years of imprisonment to run consecutive to the sentence imposed on the drug charge. Appellant did not file a direct appeal.

On July 18, 2014, Appellant filed a *pro se* PCRA petition and counsel was appointed. Counsel filed a thorough **Turner/Finley** no-merit letter[2] and sought permission to withdraw. On September 17, 2014, the court granted counsel that right. The trial court dismissed the petition without a hearing on October 29, 2014, after serving notice of its intention to do so, and considering Appellant's *pro se* response. Appellant timely appealed, was ordered to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days, but filed that statement two months late.

Appellant presents two issues for our review:

[I.] Whether the imposition of consecutive sentences resulting in an aggregate sentence of not less than five nor more than five years was so manifestly excessive as to constitute an abuse of discretion?

[II.] Whether the imposition of mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508 were illegal and unconstitutional pursuant to **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)?

Appellant's brief at 4.

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988); **Commonwealth v. Turner**, 544 A.2d 927 (Pa.Super. 1988).

The PCRA court dismissed the within petition since it was not filed within one year of the date the judgment of sentence became final, and Appellant did not allege and prove the applicability of any of the three exceptions to the time bar. 42 Pa.C.S. § 9545(b). We agree that dismissal was proper on that basis, and thus, we do not reach the merits of Appellant's claims.

The Post-Conviction Relief Act, 42 Pa.C.S. § 9545(b)(1) provides that, "[a]ny petition . . . including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves one of the exceptions to the time-bar. The time limitations of the PCRA are jurisdictional." *Commonwealth v. Crews*, 863 A.2d 498 (Pa. 2004).

The three delineated exceptions to the one-year time-bar are set forth at 42 Pa.C.S. § 9545(b)(1)(i-iii): (1) that the claim was not previously raised due to governmental interference; (2) that the claim is based on facts that were not previously known to petitioner and which could not have been discovered through the exercise of due diligence; or (3) the petition asserts a new constitutional right that has been held to apply retroactively by either our state Supreme Court or the United States Supreme Court. A petition invoking one of the statutory exceptions must also be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final on January 18, 2013, thirty days after sentence was imposed and no direct appeal was filed. Thus, Appellant had until January 18, 2014 to file a timely PCRA petition. His petition, which was filed July 18, 2014, was facially untimely.

Appellant acknowledges that his PCRA petition was untimely. Appellant's brief at 5. Nonetheless, Appellant fails to invoke any of the timeliness exceptions as the basis for avoiding the PCRA time-bar on either of his claims. With regard to his second issue implicating *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that any fact that increases a mandatory minimum sentence is an element of the crime that must be submitted to the fact-finder and proven beyond a reasonable doubt), Appellant argues that it is an illegal sentencing claim that is non-waivable on direct appeal. He seems to suggest that the nature of the claim circumvents the PCRA time-bar.

We agree that a challenge to the imposition of a mandatory minimum sentence implicates legality of sentencing. However, Appellant is mistaken in his belief that he is on direct appeal. This is an appeal from the denial of PCRA relief, which is a collateral proceeding. Even an illegal sentencing claim must be presented in a timely PCRA petition over which we have jurisdiction. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999);

***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa.Super. 2014) (*en banc*).[3]

Having failed to plead and prove the applicability of one of the timeliness exceptions, Appellant's PCRA petition was properly dismissed as untimely.

Order affirmed.

Justice Fitzgerald joins this memorandum.

Judge Wecht concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2015

---

[3] Appellant does not renew the timeliness argument he made below: that he filed his petition within sixty days of May 19, 2014, the date he first learned of the ***Alleyne*** decision (decided June 17, 2013), due to the fact that the computers in the prison library had not been updated.