J-S13042-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :
           v.                             :
                                          :
                                          :
HERMAN THOMAS WOODS, JR.,      :
                                          :
          Appellant                :        No. 1526 WDA 2017

Appeal from the PCRA Order September 15, 2017
in the Court of Common Pleas of Mercer County,
Criminal Division at No(s):  CP-43-MD-0000523-1980

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:             FILED JUNE 15, 2018

       Herman Thomas Woods, Jr. ("Woods"), pro se, appeals from the Order denying his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  See 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

       On April 23, 1981, following a jury trial, Woods was convicted of second-degree murder.  The trial court sentenced Woods to a mandatory term of life in prison, pursuant to 18 Pa.C.S.A. § 1102(b).  This Court affirmed Woods's judgment of sentence.  See Commonwealth v. Woods, 466 A.2d 709 (Pa. Super. 1983) (unpublished memorandum).  The Pennsylvania Supreme Court denied allowance of appeal.  The United States Supreme Court subsequently denied Woods's Petition for writ of certiorari on May 14, 1984.  See Woods v. Pennsylvania, 466 U.S. 977 (1984).

On August 21, 2017, Woods filed the instant pro se PCRA Petition, his fifth.[1] The PCRA court denied Woods's Petition on September 15, 2017. Woods filed a timely Notice of Appeal. On October 17, 2017, the PCRA court ordered Woods to file a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal within 21 days of the entry of the Order on the docket, and Woods timely complied.[2]

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

[1] Although Woods styled his instant Petition as a "Petition for Writ of Habeas Corpus Relief Pursuant to Article 1, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Pursuant to the [PCRA,]" this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011) (citation and ellipses omitted); see also 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies ... including habeas corpus....").

[2] In its Rule 1925(a) Opinion, the PCRA court stated that Woods's Concise Statement was untimely filed on November 13, 2017. However, the concise statement Order was docketed on October 18, 2017, and therefore, Woods had until November 8, 2017, to file his Concise Statement. Although the PCRA court correctly points out that the Concise Statement was docketed after that date, a copy of the envelope used to mail his pro se Concise Statement is contained in the certified record and is postmarked November 8, 2017. Because Woods is pro se and incarcerated, the "prisoner mailbox rule" applies, and therefore, we will regard Woods's Concise Statement as timely filed on November 8, 2017. See Pa.R.A.P. 121(a) (providing that "[a] pro se filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities.").

Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013) (citations omitted).

Initially, under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Woods's judgment of sentence became final in 1984, when the United States Supreme Court denied his Petition for writ of certiorari. Thus, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(3). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." Id. § 9545(b)(2); Albrecht, 994 A.2d at 1094. Additionally, "it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." Commonwealth v. Crews, 863 A.2d 498, 501 (Pa. 2004) (citation and emphasis omitted).

Woods points to the exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), concerning interference by government officials, in an attempt to overcome the untimeliness of his Petition. Brief for Appellant at 3, 4-5. Woods also cites the Pennsylvania Supreme Court's decision in Commonwealth v. Batts, 163 A.3d 410 (Pa. 2017) ("Batts II"),[3] and argues that his mandatory life sentence is illegal. Brief for Appellant at 3-6.[4]

In order to satisfy the "governmental interference" exception to the PCRA's timeliness requirement, a petitioner must plead and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i); see also Commonwealth v. Chester, 895 A.2d 520, 52 (Pa. 2006). Here, Woods simply states that he

_____

[3] In Batts II, our Supreme Court considered the United States Supreme Court's decisions in Miller v. Alabama, 567 U.S. 460, 465 (2012) (holding that sentencing schemes that mandate life without the possibility of parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments"), and Montgomery v. Louisiana, 136 S. Ct. 718, 736 (2016) (holding that the new substantive rule of constitutional law announced in Miller applies retroactively), and expressed a "presumption against the imposition of a sentence of life without parole for a defendant convicted of first-degree murder committed as a juvenile." Batts II, 163 A.3d at 459 (emphasis added). The Batts Court also addressed the procedure for sentencing juvenile offenders convicted of first-degree murder in light of the Miller and Montgomery decisions. See id. at 459-60.

[4] Woods's brief does not include a separate statement of questions involved, as required by Pa.R.A.P. 2111(a)(4) and 2116(a).

"obtained the Supreme Court's recent interpretation of the relevant law[, i.e., Batts II,] for the first time," Brief for Appellant at 5, but fails to explain how he believes the government interfered with his ability to discover or present any particular claim. Further, because Woods was not convicted of first-degree murder, and he was 18 years old at the time he committed his crime, Batts II is not applicable to the instant case.[5] Thus, Woods has failed to satisfy the "government interference exception to the PCRA's timeliness requirement.[6]

Based upon the foregoing, we affirm the PCRA court's Order, which denied Woods's Petition on the basis that it was untimely filed, and Woods had failed to establish an exception to the PCRA's timeliness requirement.

Order affirmed.

_____

[5] We also observe that Woods previously raised a claim under Miller and Montgomery in his February 2016 Petition, which the PCRA court denied. See PCRA Court Order, 2/22/16, at 1-2.

[6] Moreover, to the extent that Woods challenges the legality of his sentence based on the United States Supreme Court's holding in Alleyne v. United States, 570 U.S. 99, 103 (2013) (holding that "any fact that increases the penalty for a crime is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt), we note that Alleyne is not applicable to the instant case, as Woods received a mandatory sentence pursuant to 18 Pa.C.S.A. § 1102(b) (providing that "a person who has been convicted of murder of the second degree ... shall be sentenced to a term of life imprisonment."). Thus, the only "fact" that led to Woods's life sentence was his jury conviction of second-degree murder, and the trial court engaged in no fact-finding at sentencing. Further, the rule established in Alleyne does not apply retroactively where, as here, the judgment of sentence is final. See Commonwealth v. Washington, 142 A.3d 810, 820 (Pa. 2016).

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/15/2018