J-S01030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NEAL I. MCCOLLUM | : | |
| Appellant | : | No. 1117 MDA 2018 |

Appeal from the PCRA Order Entered June 21, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002018-2004

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                **FILED: JANUARY 28, 2019**

Neal I. McCollum (Appellant) appeals *pro se* from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

This Court previously explained:

> In April 2006, [Appellant] was convicted of rape of a child and related offenses, stemming from his having repeatedly sexually assaulted the mentally handicapped minor daughter of his then-girlfriend. [Appellant] was sentenced to serve an aggregate prison term of 21 to 42 years. This Court affirmed [Appellant's] judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See Commonwealth v. McCollum***, 945 A.2d 765 (Pa. Super. 2007) (unpublished memorandum), ***appeal denied***, 951 A.2d 1162 (Pa. 2008). In September 2008, [Appellant] filed a timely Petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, which the PCRA court dismissed. This Court affirmed the dismissal, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See Commonwealth v. McCollum***, 6 A.3d 572 (Pa. Super. 2010) (unpublished memorandum), ***appeal denied***, 2011 Pa. LEXIS 1126 (Pa. 2011).

_____
*Retired Senior Judge assigned to the Superior Court.

> In February 2012, [Appellant] filed a *Habeas Corpus* Petition in the United States District Court for the Middle District of Pennsylvania, which the federal court dismissed. ***See McCollum v. Cameron***, 2012 U.S. Dist. LEXIS 88953, 2012 WL 2462294 (M.D. Pa. 2012).

***Commonwealth v. McCollum***, No. 839 MDA 2016, at \*1 (Pa. Super. Ct. Mar. 30, 2017) (affirming the denial of Appellant's second PCRA petition). In finding that Appellant's second PCRA petition was untimely, we stated that his "judgment of sentence became final in October 2008." ***Id.*** at \*2, *citing* 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the judgment of sentence becoming final).

Instantly, Appellant filed the underlying *pro se* "Petition for Habeas Corpus Relief" on January 22, 2018. Citing ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011), the PCRA court recognized that a petition "filed after the judgment of sentence becomes final will be treated as a PCRA petition" and properly treated Appellant's petition as being filed under the PCRA. ***See*** PCRA Court Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 4/19/18, at 1 n.1. On April 19, 2018, the PCRA court issued notice of intent to dismiss the PCRA petition without a hearing pursuant to Rule 907. ***See id***. On June 21, 2018, the PCRA court dismissed the petition on the basis that it was untimely. Appellant filed this appeal on July 5, 2018.

On appeal, Appellant lists nine issues. ***See*** Appellant's Brief at 1. In the summary of his argument, Appellant states verbatim:

> Has the PCRA court or any court properly dismissed Appellant's Construed PCRA petition because none of the claims

had any merit. This Honorable Court has the Authority and Power to over turn an Error so great it numbs the conscience of all who may have opportunity to counter act delayed justice; or just maybe do the right thing by an innocent man. In addition, the claims of ineffective assistance of counsel presented are more than bold assertions that do have support with the documentation hereto within.

Appellant's Brief at 4.

Before proceeding further, we turn to the PCRA court's determination that Appellant's petition was untimely. Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted). Before we reach the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." **Id.** Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the

three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted above, this Court previously held that Appellant's judgment of sentence became final in October 2008. ***Commonwealth v. McCollum***, No. 839 MDA 2016, at *2. Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year, by October 2009, to meet the PCRA's timeliness requirement. Appellant filed the underlying petition on January 22, 2018 – nearly 10 years after his judgment of sentence became final. Therefore, we are without jurisdiction to decide Appellant's appeal unless he has pled and

- 4 -

proved one of the three exceptions of Section 9545(b)(1). Appellant has failed to do so.

The PCRA court accurately summarized the content of Appellant's petition:

> [Appellant] claims that the behavior of various members of the Dauphin County justice system and a justice on the Pennsylvania Supreme Court bench in sending and/or receiving certain emails (of public record) reflect bias against persons of color and perpetuate negative stereotypes. [Appellant] seeks to have his sentence vacated as a consequence of such emails and, in support, asserts that a Pennsylvania Supreme Court justice was in proceedings before the Judicial Conduct Board at the time [Appellant's] prior Habeas Corpus petition was pending.
>
> [Appellant's] vague and tenuous contention that those involved in sending/receiving such emails in some way interfered with his request for relief is insufficient to invoke any of the timeliness exceptions. **See Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004) (petitioner has the burden to plead in the petition and prove that one of the exceptions applies; such burden entails an acknowledgement that the PCRA petition under review is untimely but that an exception applies).

PCRA Court's Notice Pursuant to Rule 907, 4/19/18, at 2.

In his appellate brief, Appellant fails to mention or argue – with regard to alleged impropriety of members of the judiciary or otherwise – that his petition qualifies for an exception to the PCRA's timeliness requirement. Appellant does not reference the PCRA's time restrictions or address the PCRA court's finding that his petition is untimely. **See** Appellant's Brief at 4-10.[1]

_____

[1] As best we can discern, Appellant's assertions concerning an "invalid charging instrument," "faulty criminal complaint and information sheet,"

- 5 -

In sum, Appellant has failed to advance an exception to the PCRA's time bar. *See **Commonwealth v. Gibbs***, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.). We thus affirm the order of the PCRA court denying as untimely Appellant's third petition filed pursuant to the PCRA.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/28/2019

---

illegal sentence, and ineffectiveness of counsel, are claims that Appellant has already raised, or waived because he could have raised them previously. 42 Pa.C.S.A. §9544 (a), (b).