J-S03033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARNOLD HAIRE, | : | |
| | : | |
| Appellant | : | No. 2349 EDA 2017 |

Appeal from the PCRA Order July 5, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0313402-2003

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:  **FILED MARCH 15, 2019**

Arnold Haire ("Haire"), *pro se*, appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In August 2003, a jury convicted Haire of, *inter alia*, robbery, aggravated assault, and firearms offenses.  On October 27, 2003, the trial court imposed an aggregate sentence of 33½ to 67 years in prison.[1]  This Court affirmed the judgment of sentence.  **See Commonwealth v. Haire**, 974 A.2d 1182 (Pa. Super. 2009) (unpublished memorandum).

---

[1] Relevant to this appeal, because Haire was deemed a "second strike" violent offender due to his prior criminal record, the trial court imposed mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9714(a)(1) (providing that "[a]ny person who is convicted … of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement ….").

In the following years, Haire filed two PCRA Petitions, both of which were dismissed. Haire filed the instant *pro se* PCRA Petition, his third, on August 9, 2016. Therein, he asserted that his mandatory minimum sentences under subsection 9714(a)(1) were illegal pursuant to ***Alleyne v. United States***, 570 U.S. 99, 108 (2013) (holding that, under the Sixth Amendment's right to a jury trial, facts that increase mandatory minimum sentences must be submitted to the jury and found beyond a reasonable doubt). In response, the PCRA court appointed Haire PCRA counsel. PCRA counsel thereafter filed a ***Turner/Finley***[2] "no-merit" letter (and an accompanying Petition to withdraw as counsel), stating counsel's opinion that Haire's claim was time-barred under the PCRA and failed to meet any of the PCRA's timeliness exceptions.

On May 22, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice, announcing its intent to dismiss Haire's Petition without a hearing. Haire subsequently filed a *pro se* Response to the Rule 907 Notice, asserting that his legality claim under ***Alleyne*** entitled him to relief.

By an Order entered on July 5, 2017, the PCRA court dismissed Haire's Petition. Haire timely filed a Notice of Appeal. In response, the PCRA court entered an Order on October 31, 2017, directing Haire to file a Pa.R.A.P.

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1925(b) concise statement within 21 days of the Order. Haire failed to comply.

Instead, on December 11, 2017, Haire filed a *pro se* Motion for Extension of Time to file a concise statement, asserting that his failure to timely file was attributable to a serious medical emergency. On December 15, 2017, the trial court entered an Order granting the Motion for Extension of Time, and directing Haire to file a concise statement within twenty days of the Order.[3] Thirty-four days later, in violation of the Order, Haire filed a Concise Statement.

On April 11, 2018, the PCRA court issued a Pa.R.A.P. 1925(a) Opinion. Therein, the court briefly addressed the merits of Haire's claims. However, the court noted that it could find the claims waived for Haire's (1) failure to file a timely concise statement; (2) presenting overly vague issues in his untimely-filed Concise Statement; and (3) failure to previously raise most of the issues before the PCRA court. **See** PCRA Court Opinion, 4/11/18, at 4-5.

On appeal, Haire presents the following issues for our review:

I. Did the PCRA court err in dismissing [Haire's] *pro* [] *se* PCRA [Petition] under the guise that there was no legal merit to the allegations within?

II. Was [Haire] pre[]judiced by the PCRA court, when the PCRA court failed to hold an evidentiary hearing, based on [Haire's] allegations of layered ineffective assistance of counsel(s)?

---

[3] Additionally, this Order cautioned that "[a]ny issue not properly included in the statement timely filed and served shall be deemed waived." Order, 12/15/17.

III. Did the [s]entencing [c]ourt err when it sentenced [Haire] to mandatory sentencing, despite such having been declared unconstitutional?

IV. Was [Haire] prejudiced, when the Commonwealth failed to file an application for enhanced sentencing, based upon [Haire's] [offense] gravity score?

V. We[]re there Constitutional violations that prejudiced [Haire] (*i.e.*[,] Speedy Trial/Rule Pa.R.Crim.P. [] 600, renumbered 1003), and 6, 8, [and] 14 Amendment violations?

VI. Was trial/defense counsel ineffective in layered forms (failure to meet/prepare/investigate)?

VII. Did the sentencing court err, when it sentenced [Haire] to the mandatory terms of incarceration?

Brief for Appellant at 6-7 (some capitalization and punctuation omitted).

Preliminarily, we must determine whether Haire properly preserved his claims for our review. It is well-settled law that when a trial court orders an appellant to file a Rule 1925(b) concise statement, they must **timely** comply to preserve their claims on appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 779-80 (Pa. 2005); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). An appellant's failure to comply with such an order constitutes a waiver of all issues raised on appeal. *Castillo*, 888 A.2d at 780. Moreover, our Pennsylvania Supreme Court has explained that adherence to Rule 1925(b) is **mandatory**, and we do not have discretion to permit departures from the rule's requirements. *See Commonwealth v. Hill*, 16

A.3d 484, 494 (Pa. 2011). On this basis, Haire has waived all of his issues on appeal.[4]

Nevertheless, even if Haire had not waived his issues, we would determine that the sole issue that he preserved below (*i.e.*, his *Alleyne*/legality of sentence challenge) does not entitle him to relief, and does not save his facially-untimely third PCRA Petition from the jurisdictional timeliness requirements of the PCRA.[5] According to Haire, the trial court's imposition of mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9714(a)(1) violated *Alleyne*, because the determination of whether this statute was satisfied must be made by a fact-finder, and be proven beyond a reasonable doubt. *See* Brief for Appellant at 13-14. We disagree.

_____

[4] We recognize that Haire is proceeding before this Court *pro se*. However,

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. *See Commonwealth v. Williams*, 586 Pa. 553, 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant ….

*Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014).

[5] Haire did not file his instant PCRA Petition until over ten years after his judgment of sentence became final. Moreover, we note that Haire does not expressly invoke any of the exceptions to the PCRA's time bar. *See Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (stating that "[i]t is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. That burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." (citations and emphasis omitted)).

This Court has explained the holding in **Alleyne** as follows:

> According to the **Alleyne** Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

**Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (emphasis added; footnotes omitted); **see also Alleyne**, 570 U.S. 99, 111 n.1 (wherein the **Alleyne** Court upheld the Supreme Court's prior holding in **Almendarez-Torres v. U.S.**, 523 U.S. 224 (1998), that the fact of a prior conviction does not need to be submitted to the jury and found beyond a reasonable doubt).

In the instant case, the sentencing court applied mandatory minimum sentences under section 9714(a)(1) based upon Haire's *prior conviction* of a crime of violence at the time of sentencing. Therefore, Haire's sentence is not illegal and does not run afoul of **Alleyne**. **See Watley**, **supra**. Moreover, **Alleyne** is not applicable retroactively to cases on PCRA review. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (holding that "**Alleyne** does not apply retroactively to cases pending on collateral review."); **see also Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (rejecting the PCRA petitioner's challenge to the application of

the 25-year mandatory minimum sentence under section 9714(a)(2) based upon *Alleyne*).

Accordingly, the PCRA court did not err in dismissing Haire's third PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19