J-S45045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| PHIEP PHOUN | : | |
| Appellant | : | No. 2501 EDA 2019 |

Appeal from the PCRA Order Entered July 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010952-2008,
CP-51-CR-0010955-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| PHIEP PHOUN | : | |
| Appellant | : | No. 2502 EDA 2019 |

Appeal from the PCRA Order Entered July 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010952-2008,
CP-51-CR-0010955-2008

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED NOVEMBER 06, 2020**

In these consolidated appeals, Phiep Phoun (Appellant) appeals *pro se* from the order dismissing his second petition for relief filed under the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In June 2008, while Appellant was driving a vehicle in Philadelphia, his co-conspirator fired multiple gunshots at two pedestrians, killing one and seriously wounding the other. On April 5, 2010, a jury convicted Appellant of first-degree murder, attempted murder, and related offenses. The charges pertaining to the respective victims were docketed at two separate criminal informations: CP-51-CR-0010952-2008 (Case 10952), and CP-51-CR-0010955-2008 (Case 10955).

In September 2012, this Court affirmed Appellant's judgment of sentence, and on June 6, 2013, the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Phoun*, 60 A.3d 845 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 68 A.3d 908 (Pa. 2013). Appellant did not seek review with the United States Supreme Court.

Appellant timely filed a PCRA petition in October 2013, asserting, *inter alia*, ineffective assistance of defense counsel at trial. In response, the PCRA court appointed PCRA counsel, James Lammendola, Esquire (PCRA Counsel), to represent Appellant. On November 4, 2015, PCRA Counsel requested permission to withdraw from representation, and filed a "no-merit letter" pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

By order entered May 27, 2016 (dismissal order), the PCRA court dismissed Appellant's first petition and permitted PCRA Counsel to withdraw. The docket indicates that on or about March 18, 2016, prior to dismissing the

first petition, the PCRA court gave Appellant notice pursuant to Pa.R.Crim.P. 907 (907 Notice) of its intent to dismiss the petition without a hearing.[1]  On March 26, 2016, Appellant filed a *pro se* response to the 907 Notice (Response).  Appellant did not file an appeal from the May 27, 2016 dismissal order.

On December 2, 2016, Appellant filed a *pro se* "petition for leave to file an amended PCRA petition nunc *pro tunc*" pertaining to the May 27, 2016 dismissal order, claiming that the PCRA court erred in failing to ensure he received a copy of the 907 Notice prior to dismissing his first PCRA petition. The next docket entries are Appellant's *pro se* filings dated April 25, 2017 ("motion to proceed *pro se*") and April 28, 2017 ("amended petition for post-conviction relief" and "motion for acceptance of amended PCRA petition *nunc pro tunc*").  In his August 28, 2017 "amended petition," Appellant raised claims of, *inter alia*, ineffectiveness of trial counsel, and requested an evidentiary hearing.

Next, by correspondence to the PCRA court dated and docketed March 8, 2018, the Commonwealth stated, "Your Honor has given the Commonwealth until March 16, 2018 to file its response," and requested a

---

[1] The 907 Notice is not in the certified record.  However, the docket entry states that the 907 Notice was "sent and received" prior to the dismissal order; the docket entry also states that PCRA Counsel received a copy of the 907 Notice.

continuance due to "the recent change in the way PCRA petitions are being handled [including] the well over fifty percent in the number of answers we are being asked to file." The record — not a model of clarity — does not include a response to the Commonwealth's request, but next shows an order continuing the PCRA from January 25, 2019 to February 22, 2019. On May 22, 2019, the Commonwealth filed a Motion to Dismiss Untimely Petition, stating:

> [Appellant] has filed a second, untimely PCRA petition. [Appellant] does not even acknowledge this untimeliness in his petition. Nevertheless, [Appellant] raises the governmental interference exception to the PCRA time-bar, claiming that he never received proper notice that his prior PCRA petition was going to be dismissed without a hearing, or that it was dismissed. Because [Appellant] was aware of the dismissal, the exception does not apply. Therefore, this [c]ourt does not have jurisdiction to consider [Appellant's] petition. The petition should be dismissed without a hearing.

Motion to Dismiss Untimely Petition, 5/22/19, at 1.

On June 4, 2019, the PCRA court issued notice of intent to dismiss pursuant to Rule 907; Appellant filed a *pro se* response. The PCRA court dismissed the petition on July 19, 2019. On August 12, 2019, Appellant filed this appeal.

Appellant filed separate notices of appeal at Case 10952 and Case 10955. However, each notice of appeal listed the docket numbers for **both**

- 4 -

Case 10952 and Case 10955,[2] and thus implicates our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) ("prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," and failure to do so requires quashal of the appeal); **see also** Pa.R.A.P. 341, Official Note. Based on **Walker**, this Court issued upon Appellant at each docket, rules to show cause why his appeals should not be quashed.  Appellant responded that "as a *pro se* litigant, Appellant was unfamiliar with the **Walker** decision," and requested that this appeal be allowed to proceed.  Response, 9/25/19, at 1-2 (unnumbered).  In two separate orders at each docket, this Court discharged the rules and referred the matter to the merits panel.

On appeal, Appellant phrases his two issues as follows:

1. Appellant's appeal should not be quashed for failing to submit the requisite Notices of Appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. June 1, 2018)?

2. Whether the PCRA court erred in failing to grant [Appellant's] [petition] to reinstate [Appellant's] rights to appeal *nunc pro tunc* from the dismissal of [Appellant's] initial PCRA petition, where [Appellant] never received the [c]ourt's May 27, 2016 order dismissing [the] initial PCRA petition?  The Commonwealth recently has agreed that [Appellant] may be entitled to have [his] appellate rights reinstated.  Although the court recently dismissed [the] amended PCRA petition, the court never specifically addressed [the petition to reinstate].

_____

[2] The caption of the notice of appeal filed at Case 10952 bore a hand-written check mark next to the trial court docket number pertaining to that case. Likewise, the caption of the notice of appeal filed at Case 10955 had a check mark next to the trial court docket number for that case.

Appellant's Brief at 5.

Regarding Appellant's first issue, we must examine **Walker** and determine whether we have jurisdiction. An *en banc* panel of this Court recently clarified the law under **Walker** and its progeny, where a notice of appeal contains more than one docket number and the appellant filed a separate notice of appeal at each trial court docket. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*). **Johnson** held that in such a situation, the "fact that each notice of appeal listed [more than one trial court docket number] does not invalidate [the] notices of appeal." **Id.**; **accord Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (addressing **Walker** and progeny in the context of a breakdown in the court system). Accordingly, we have jurisdiction, and proceed to address Appellant's second issue.

Appellant asserts that the PCRA court erred in dismissing his PCRA petition and declining to reinstate his collateral appeal rights *nunc pro tunc*, based on his claim that he never received the 907 Notice issued prior to the dismissal of his first PCRA petition. **See** Appellant's Brief at 18-22. In response, and contrary to Appellant's statement of his second issue, the Commonwealth counters that Appellant did receive notice, but regardless, "the PCRA court below properly dismissed his serial petition because it was time-barred." Commonwealth Brief at 6.

Our standard of review from the denial of PCRA relief is well-settled; we must determine whether the PCRA court's ruling "is supported by the record and free of legal error." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." **Johnson**, 236 A.3d at 68 (citation omitted).

All PCRA petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); **see also Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (citation omitted) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition."). Here, it is undisputed that Appellant's petition is facially untimely, as the Pennsylvania Supreme Court denied Appellant's request for allocatur on June 6, 2013, and he did not seek a writ of certiorari with the United States Supreme Court within 90 days. **See** U.S. Supreme Ct. Rule 13. Therefore, Appellant's judgment of sentence became final on or about September 5, 2013.

It is well-settled that Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (i) governmental interference with the presentation of his claims; (ii)

discovery of previously unknown facts which could not have been discovered with due diligence; or (iii) a newly-recognized constitutional right given retroactive application). Appellant's petition had to invoke one of these exceptions "within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2) (amended October 24, 2018, effective December 24, 2018, expanding petitioner's time for filing to "one year of the date the claim could have been presented."). Finally, "it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. That burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (citations and emphasis omitted).

Here, Appellant did not invoke any of the time bar exceptions in his petition. Indeed, he failed to acknowledge his filing was facially untimely, in violation of *Crews*, *supra*. Moreover, for the first time on appeal, Appellant cites in passing the "governmental interference" exception at 42 Pa.C.S.A. § 9545(b)(1)(i). **See** Appellant's Brief at 21 (referencing claim that he did not receive Rule 907 Notice). It is axiomatic that issues not raised in lower courts are waived for purposes of appellate review, and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); **see also Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (stating that a claim not raised in the PCRA

petition cannot be raised for the first time on appeal, and is "indisputably waived.").

Nevertheless, even if Appellant had preserved his claim, we would find it meritless. The record supports the PCRA court's reasoning:

> Even assuming *arguendo* [that Appellant did not receive the 907 Notice], he makes no claim whatsoever to justify waiting until A[ugust] 28, 2017 to file the instant [PCRA] petition. Clearly, Appellant received [the] 907 Notice, as he responded [to it]. The docket in this court reflects his Response to the 907 Notice was filed on March 26, 2016.[3] Accordingly, he was on notice of this court's inclination to dismiss the petition prior to March 26, 2016. Yet he took no steps to determine whether his petition was dismissed. A simple docket check would have disclosed it. He made no allegation that he was prevented from doing so or was unable to do so. Indeed, the docket demonstrates that Appellant must have made some inquiry, although at a later date, as the docket also notes a full docket sheet was sent to [Appellant] on March 28, 2017. Even after receiving actual notice, he waited another five months, until August 28, 2017, to file the instant Petition. Appellant makes no explanation as to this five-month delay. Accordingly, we cannot find this Petition to have been timely filed.

PCRA Court Opinion, 11/25/19, at 7 (footnote added, some capitalization altered).

Based on the foregoing, we discern no error by the PCRA court, and affirm its order dismissing Appellant's petition.

Order affirmed.

---

[3] In this filing, Appellant expressly stated that he was responding to a notice he received from the PCRA court dated March 17, 2016.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/6/20</u>