J-S34029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHASE JUSTIN SILVIS | : | |
| | : | |
| Appellant | : | No. 27 WDA 2022 |

Appeal from the PCRA Order Entered December 14, 2021
In the Court of Common Pleas of Armstrong County
Criminal Division at CP-03-CR-0000317-2000

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: NOVEMBER 28, 2022**

Chase Justin Silvis (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2001, a jury convicted Appellant of first-degree murder and rape. The trial court sentenced Appellant to life in prison, and this Court affirmed. ***Commonwealth v. Silvis***, 803 A.2d 797 (Pa. Super. 2002) (unpublished memorandum). Appellant did not timely seek allowance of

---

[*] Retired Senior Judge assigned to the Superior Court.

appeal with the Pennsylvania Supreme Court.[1]

Appellant filed a first PCRA petition on July 28, 2003. The PCRA court dismissed the petition as untimely and Appellant appealed. This Court affirmed on the basis that "Appellant's petition was untimely filed and [] no time-of-filing [PCRA] exception applies…." *Commonwealth v. Silvis*, 864 A.2d 584 (Pa. Super. 2004) (unpublished memorandum at 4). The Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Silvis*, 868 A.2d 452 (Pa. 2005).[2]

On September 16, 2021, Appellant filed the instant *pro se* PCRA petition, titled "Petition for a Writ of *Habeas Corpus* and/or Petition for Post Conviction Relief Act."[3] Appellant claimed the Commonwealth violated his rights under the Confrontation Clause. *See Commonwealth v. Yohe*, 79 A.3d 520, 531 (Pa. 2013) ("The Confrontation Clause … prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant

---

[1] "According to the … PCRA court, Appellant belatedly filed a petition for allowance of appeal *nunc pro tunc* in September of 2002, which our Supreme Court denied on November 27, 2002." *Commonwealth v. Silvis*, 864 A.2d 584 (Pa. Super. 2004) (unpublished memorandum at 2); *see also* PCRA Petition, 9/16/21, at 2.

[2] Appellant also sought relief in federal court. *See*, *e.g.*, *Silvis v. Shannon*, 2006 WL 897786 (W.D. Pa. 2006) (denying relief).

[3] The PCRA court correctly considered the petition within the confines of the PCRA. *See* Rule 907 Notice, 9/22/21, at 1; *see also Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) ("any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation omitted)).

had a prior opportunity for cross-examination." (footnote omitted)). Appellant specifically argued that the Commonwealth's toxicology report should have been introduced and discussed by the toxicologist who prepared the report, as opposed to the coroner. **See** PCRA Petition, 9/16/21, at 10-13; **see also** PCRA Court Opinion, 2/18/22, at 1-2 (observing Appellant relied "on United States Supreme Court decisions issued in 2004, 2009, and 2010, arguing that [the PCRA c]ourt should have considered his claim because one or more of those decisions applies retroactively to his conviction.").

On September 22, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The court determined it lacked jurisdiction because the petition was untimely, and Appellant did not invoke an exception to the PCRA's time bar. On November 24, 2021, Appellant filed a *pro se* response to the Rule 907 notice, claiming the PCRA court "should not review the September 16, 2021 petition as a PCRA petition but should review the … petition as a state *habeas corpus* petition…." Response to Rule 907 Notice, 11/24/21, at 7.

The PCRA court dismissed Appellant's petition on December 14, 2021. Appellant timely appealed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following question for review:

Did the lower court abuse it's [*sic*] discretion when it dismissed the Petition for a Writ of *Habeas Corpus* and/or Petition for Post Conviction Relief, stating that it had no jurisdiction to hear the matter?

Appellant's Brief at 4 (citation to appendix omitted).

We first address jurisdiction. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (the merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction; jurisdiction does not exist if the PCRA petition is untimely); *see also Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.") (citation omitted). A PCRA petition must be filed within one year of the judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1).

Appellant concedes his judgment of sentence became final on May 23, 2002. *See* PCRA Petition, 9/16/21, at 3; *see also Silvis*, 864 A.2d 584 (unpublished memorandum at 3). Thus, the instant petition, filed September 16, 2021, is untimely. Pennsylvania courts may consider an untimely PCRA petition if the petitioner pleads and proves a statutory exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition asserting a timeliness exception must establish that the exception was raised within one year of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2) (amended effective Dec. 24, 2018, to extend the time for filing from 60 days to one year).[4] "**[I]t is the petitioner's burden to plead in the petition** and prove

_____

[4] The PCRA court correctly observed, "because [Appellant's] Confrontation Clause claim, if at all cognizable, could have been presented prior to [the
*(Footnote Continued Next Page)*

- 4 -

that one of the exceptions applies. That burden necessarily entails an **acknowledgement by the petitioner that the PCRA petition under review is untimely** but that one or more of the exceptions apply." *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (emphasis in original; citations omitted). Appellant has not invoked an exception to the PCRA's time bar. As the PCRA court stated:

> Even assuming that [Appellant] pleaded [a timeliness] exception found at 42 Pa.[C.S.A.] § 9545(b)(1)(iii) (a new, retroactively-applied constitutional right recognized by the Pennsylvania Supreme Court or United States Supreme Court), any petition asserting such a claim still would have to be filed within [60 days] of when the claim first could have been presented.

PCRA Court Opinion, 2/18/22, at 2 (citation and footnote omitted); *see also id.* at 2 n.1 (finding Appellant's claim "could have been presented prior to December 24, 2017[.]"). Accordingly, the PCRA court properly dismissed Appellant's petition as untimely. *See Chester*, *supra*.

We further observe that Appellant is not entitled to relief on his claim that the PCRA court should have treated his petition as a petition for *habeas corpus*. *See* Appellant's Brief at 8-10; *see also* Response to Rule 907 Notice, 11/24/21, at 7. "The PCRA … subsumes the remed[y] of *habeas corpus*" when the PCRA provides a remedy for the claim. *Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013); *see also* 42 Pa.C.S.A. § 9542 ("The action

---

amendment to Section 9545(b)(2)], the 60-day limitation period found in the now-expired [Section] 9545(b)(2) would apply." PCRA Court Opinion, 2/18/22, at 2 n.1.

established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist … including *habeas corpus*"), and **Jackson**, 30 A.3d at 521 ("any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

Finally, we are unpersuaded by Appellant's claim that he was prejudiced by prior counsel's ineffectiveness in preventing Appellant from filing a timely PCRA petition.[5]  It is well settled that a petitioner's claim, "couched in terms of ineffectiveness[,] will not save an otherwise untimely petition from the application of the time restrictions of the PCRA."  **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) (citation omitted).  Accordingly, Appellant's claim of counsel's ineffectiveness does not merit relief.  **Id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2022

---

[5] Although Appellant does not argue counsel's ineffectiveness in his brief, he included the claim in his response to the PCRA court's Rule 907 notice.  **See** Response to Rule 907 Notice, 11/24/21, at 2-3.